## LOVETT *vs.* THE STATE.

[This case was argued at the last term and the decision reserved.]

1. With the means afforded by law for obtaining impartial jurors, and for changing the venue if necessary, the continuance of a criminal case on the ground of popular excitement is not essential to a fair trial; especially after the lapse of more than three months from the commission of the homicide.

2. That the prisoner has very recently discovered a witness, supposed from information to be in the state of Massachusetts, who can prove

and will swear so and so, (matters material to the defense), which witness the prisoner believes will be brought here by the next term of the court, is not cause for a continuance; it not appearing how, or from whom, the information was received, or for what reason the attendance of the witness is expected, or by what means he is to be brought here to testify.

3. Minutes of evidence made officially at the coroner's inquest, a part of which evidence was given by the prisoner himself, and the rest by another witness, the prisoner testifying that it also was true, are, when duly proved, admissible in evidence for the state, on the trial of the prisoner for the homicide to which the inquest related.

4. Though evidence when first admitted be objectionable as hearsay, not coming strictly within the *res gestæ*, if the direct facts be afterwards proved by another witness whose knowledge of them is personal and immediate, and as whose sayings they were detailed by the former witness, the irregularity is not such as to require a new trial.

5. The prisoner, on the cross-examination of a witness for the state, having proved that another person was arrested for the homicide, it was competent for the state afterwards to introduce the warrant and the judgment of discharge thereon, to show how the arrest, which the prisoner thus brought to the attention of the jury, was disposed of.

6. A false account given by the prisoner in his evidence at the coroner's inquest, would, in contemplation of law, be suspicious, and the jury might consider his mendacity as a circumstance against him. The court committed no material error, if any error at all, in the part of the charge complained of. The whole charge, as set out in the record, seems fair and impartial, clear, pertinent, and full.

7. That the jury had a copy of the Code in their room for a very brief time, which, without reading a single line, they sent out, is of no consequence.

8. Loose remarks made in bare jest by a juror, before he was sworn, work no disqualification, he having explained after the trial, by affidavit, and shown himself impartial.

9. The evidence, though circumstantial, warranted the verdict. The criminal transaction was obscure, and while the prisoner may be innocent, the jury believed him guilty, the presiding judge acquiesced in the finding, and the refusal of a new trial is affirmed.

Criminal law. Continuance. Evidence. *Res gestæ*. Jury. New trial. Before Judge POTTLE. Hancock Superior Court. April Adjourned Term, 1877.

This case arose upon substantially the same facts as that

of *Griggs vs. The State*, 59 *Ga. Rep.*, 738.   Any further report beyond a reference to that is deemed unnecessary.

A. M. DuBose; B. H. Hill, Sr., for plaintiff in error

Seaborn Reese, solicitor general, for the state

Bleckley, Judge.

1. This case and that of *Griggs vs. The State*, 59 *Ga.*, 738, relate to the same criminal transaction.   The two cases were argued together in this court.   The continuance for which Lovett moved in the superior court was properly denied. Popular excitement, as a ground for postponing trial, is generally not to be regarded.   The statutory provisions for securing an impartial jury are very ample, and prove, for the most part, very effectual.   If such a jury cannot be had in the county, the venue may be changed.   Code, §5118.   There is very little danger that a jury regularly organized will turn out to be a mere detail from the mob.   Could this happen at all, it would be highly improbable after a three months' cooling time had elapsed.   24 *Ga.*, 297; 18 *Ib.*, 567; 48 *Ib.*, 116.

2. Nor was the absence of the recently discovered witness a cause for continuance.   The discovery was not complete; the witness was a conception, not a mature birth.   He was in *ventre sa mere*.   He was *supposed* to be in Massachusetts; a supposition founded upon information derived how, or from whom, or whence, no man knoweth.   The sepulchre of Moses would, perhaps, be as easily found as this witness.

3. The coroner's minutes of evidence must have been admissible.   The prisoner had affirmed the truth of what was there recorded, a part being his own evidence, and the rest the evidence of another for whose veracity he vouched. There was due proof that the minutes were correct, etc.

4. A witness was the son of the deceased.   His mother told him what the prisoner said.   These declarations were first proved by the son as reported to him by the mother;

they ought to have been proved by the mother as coming directly from the prisoner. She was called as a witness after the son was examined, and the irregularity was thus corrected. There was no absolute requirement for a new trial on this ground.

5. The prisoner first brought to the attention of the jury, that another person was arrested for the homicide. The warrant of arrest, with the magistrate's decision thereon, would seem to be the proper answer. This answer establishes that the warrant, etc., was unfruitful. It resulted in nothing.

6. The charge of the court is not open to objection; the whole of it is set out in the record; and it seems fair and impartial, clear, pertinent and full. There need be no timidity concerning it. It will bear examination. In contemplation of law, a lie is not infrequently indicative of guilt. A false account is suspicious. Mendacity is a circumstance against the person who resorts to it. Guilt is false; innocence is generally truthful. The doctrine of the charge on this subject is sound.

7. The jury had in their room a copy of the Code, but did not look at it. To grant a new trial on this ground, would be to do as has not been done hitherto.

8. Disqualification is not to be considered as following upon loose remarks made by a juror in bare jest. Explanation after trial, showing that the juror was impartial, will be enough.

9. Evidence, though circumstantial, sufficient. This is all that need be said.

Judgment affirmed.