*Supreme Court of Pennsylvania.*

## GRAVER, ETC. VS. FEHR.

When a summary proceeding is given by statute, and is in derogation of the common law, the necessary jurisdiction must appear affirmatively on the face of the record, or the proceeding is coram non judice, and utterly void.

A justice of the peace has no jurisdiction under the landlord and tenant Act when it does not appear affirmatively that a certain rent was reserved. The limitation of twenty days within which a writ of certiorari must be sued out does not apply when it is apparent that the justice has no jurisdiction. The twenty-first section of the Act of 1810, the one hundred dollar Act does not apply to the landlord and tenant Act.

Rubicum v. Williams (1 Ash. 230) and Lacock v. White (7 H. 495) followed.

Error to the Common Pleas of Schuylkill county.

*Certiorari*, to the proceedings before a justice of the peace, by the defendant, Charles Graver, trustee.

The proceedings were commenced by Morgan W. Fehr against the said Graver to recover possession of certain premises from the defendant, who, as the plaintiff alleged, held them under him as his tenant by virtue of a lease in writing; during the progress of the case, both parties appeared several times before the justice. On December 5, 1877, judgment was given in favor of the plaintiff, and a writ of possession issued. The record of the justice, after describing the premises, set out that the plaintiff "did demise the said premises during the will and pleasure of Morgan W. Fehr to Charles Graver, trustee for his wife, Melinda Graver, the tenant now in possession, and that the said Charles Graver, trustee as aforesaid, entered into possession of said premises by virtue of said lease in writing, and held the same, and that the said term, for which the premises, are demised, is fully ended,"etc.

The writ of possession was superseded on the same day by a writ of *certiorari* taken by the defendant. After argument this writ was quashed by the Court, and an *alias* writ of possession was issued by the justice on Jan. 28, 1878. On January 29, 1878, the constable made return that possession of the demised premises had been given to the plaintiff, and that defendant had "no goods."

A second *certiorari* was issued February 25, 1878. On exceptions thereto, the Court affirmed the proceedings of the justice in the following *per curiam* opinion: "That the

justice had jurisdiction of the subject matter and the parties cannot be doubted.   It is claimed, however, that in this particular case, the record made by the justice shows no amount of rent reserved.   This was known when the first writ of *certiorari* was taken which was in time, with full knowledge af all the facts.   Can the defendant, after having failed in his first writ of *certiorari*, lay by till nearly a month after possession has been given under the alias writ of possession, and then issue his second writ of *certiorari*, on the ground that the omission of the justice to specify a rent reserved ousted his jurisdiction? If so, how often in the same case, and at what indefinite length of time may he avail himself of the privilege ?   The judgment here was not obtained by trick or fraud, and is not within the cases which decide that a party may issue his *certiorari* when more than twenty days has elapsed, provided he takes action within twenty days after the facts have come to his knowledge.   Counsel for the defendant strenuously resisted the offer made by counsel for plaintiff to submit the written agreement to the Court, for the reason that the record of the justice alone must govern, and the written contract recited by the justice was therefore withheld.   Our impression is that the defendant has been guilty of such laches as gives him no right now to invoke the powers of the Court.   He refused to appeal in the proper time, and if he can succeed in his present effort, it will lead to a very troublesome line of practice which we are not willing to inaugurate, unless in obedience to the mandate of a superior power."

The defendant took this writ, assigning for error the action of the Court in affirming the proceedings of the justice, in entering judgment against the defendant, and in not sustaining his exceptions grounded on the fact that no certain rent appeared to have been reserved, and no service of the original summons had been made on Melinda Graver.

W. D. Seltzer and Benjamin Cumming, for the plaintiff in error.

The Act of 1863, as amended in 1872, is the same as that of 1772, consequently the older decisions apply.

The summary remedy to a landlord only applies to leases either written or parole, in which a certain rent is clearly reserved, and not to cases where the rent is so uncertain as to require the intervention of a jury for its determination: McGee v. Fessler, 1 Barr 126.

All the facts necessary to give jurisdiction should be set out in the proceedings, and if it do not appear on the record that the lessee was under a certain rent, the proceedings of the justice will be set aside.

Want of jurisdiction may be taken advantage of at any time and at any stage of the proceedings: Stiles v. Jeffries, 8 Phila. Rep. 303.

The twenty days' limitation in regard to the writ of *certiorari* does not apply where the record shows on its face that the justice had no jurisdiction: Offerman v. Downey, 2 Wh. Dig. § 134; Laycock v. White, 7 H. 498; Adams v. Hill, 29 Leg. Int. 126; Collins v. Collins, 1 Wr. 387; Ingham v. Sickler, 1 Leg. Chr. 151.

J. W. Roseberry (with whom was F. W. Bechtel), for the defendant in error.

Even under the recognized exceptions a party has not an unlimited, but a reasonable time within which to take out a *certiorari*. Such *reasonable* time has repeatedly been held to be twenty days: French v. Penna. & N. S. Canal & R. R. Co., 1 Leg. Chr. 66; Offerman v. Downey, 2 Wh. Dig. 134; Lacock v. White, 7 H. 498; Daily v. Bartholomew, 1 Ash. 135; Stedman v. Bradford, 3 Phila. Rep. 258; Brookfield v. Hill, 1 Id. 430; Heft v. Hammill, 1 Id. 394; Schaffer v. Smith, 2 Leg. Chr. 52; Harrison v. Wilkinson, 1 Luz. Leg. Reg. 89; Jones v. Del. and Hud. Canal Co. 31 Leg. Int. 173.

The Act of 1863 must receive a liberal construction: Snyder v. Carfrey, 4 Sm. 90.

The joinder of Melinda Graver, as a party would have been improper: Snyder v. Carfrey, *supra*.

May 7, 1869. THE COURT. This was a proceeding instituted by Morgan W. Fehr, the plaintiff below, before a justice of the peace, under the landlord and tenant Act of December 14, 1863 (P. L. 1864, 1127), to recover from the defendant certain demised premises, situated in the borough of Tremont, Schuylkill County. The record of the justice, after describing the premises, sets out that the plaintiff "did demise the said premises, during the will and pleasure of Morgan W. Fehr, to Charles Graver, trustee for his 'wife Melinda' Graver the tenant now in possession, and that the said Charles Graver trustee as aforesaid, entered into possession of said premises by virtue of said lease in writing, and held the same, and that the said term for which the premises were demised is fully ended." There is also a statement of demand and notice, and the necessary allegation that the defendant had refused to deliver up possession. In all these proceedings, however, there is nothing by which the jurisdiction of the justice can even be inferred.

The supplement to the Act of 1863, approved March 6, 1872 (P. L. 22) prohibits a proceeding under this Act, "unless such proceeding shall be founded on a written lease or contract in writing, or on a parole agreement in and by which the relation of landlord and tenant is established between the parties, and a *cert in rent is therein reserved.*" Now not only does it not appear by the proceedings before the justice that a certain rent was reserved in the lease therein recited, but from the whole case, as we have it before us, it is manifest that there was no such rent. As, therefore, this summary proceeding, though convenient and necessary in proper cases, is in derogation of the common law, and as it is given only by statute, the necessary jurisdiction must appear affirmatively on the face of the record, or the proceeding is *coram non judice* and utterly void. (McGee *v.* Fessler, 1 Barr 126.) We have here, however, a case in the very teeth of the legislative prohibition, a lease at will without a reservation of rent of any kind, as far as jurisdiction is concerned, it is affirm-

atively by the proceedings themselves put out of the question. Indeed it does not seem to be seriously denied that the justice, in taking cognizance of and giving judgment in the case, did that which the law give him no right to do, but the defendant was turned out of court on the ground that the *certiorari*, not having been sued out within twenty days from the rendition of the judgment, was too late. This was error, for, in the first place, even under the twenty-first section of the Act of 1810 this limitation does not apply where it is apparent the justice has no jurisdiction. (Lacock *v.* White, 7 Har. 495.) And in the second place, that Act does not apply to the summary process for obtaining possession of leased property under the landlord and tenant Acts. This was so held by Judge KING in Rubicum *v.* Williams (1 Ash. 230), and we are inclined to think that, in this, his conclusion was correct. The Act of 1810, known as the one hundred dollar act, is a uniform symmetrical code designed to regulate the powers and jurisdiction of justices of the peace in the collection of "debts and demands," and the twenty-first section being part and parcel thereof extends to nothing beyond its provisions.

It is true the Act of 1863, as well as that of 1830, provides, that "nothing therein contained shall prevent the issuing of a *certiorari* with the usual form and effect," but the usual form and effect of this writ is found rather in its general judicial character, than in any description of it as found in the Act of 1810. Besides this it has an effect in that Act which it has not in the summary proceeding under consideration. When properly sued out under the statute above named, it becomes a supersedeas to further proceedings, but such is not the case under the landlord and tenant Acts. This was so held under the Act of 1772, in the cases of Grubb *v.* Fox (6 Bin. 460) and Stewart Martin (1 Yeates, 49), and we can find nothing in the later Acts which would alter this rule. We think, therefore, that the Court below erred in the disposition of the defendant's writ.

The judgment of the Court below is reversed, and the

judgment and proceedings before the justice of the peace are reversed and set aside.

Opinion by GORDON, J.

---

A friend of Chief-Justice Chase attributes his death to the fact that he had not practiced law for twenty years when he became Chief Justice, so that when he came to preside over so learned and experienced a body of lawyers he naturally felt his inferiority, and those profound old judges, while apparently paying the most punctilious respect to their presiding officer, never let an opportunity pass when there was a chance to make Mr. Chase feel that, though he may have been once a very good lawyer, yet twenty years in politics had impaired his legal education and astuteness. Mr. Chase was a proud man, and chafed under the implied inferiority. He studied day and night to remedy his defects and bring himself up to the fit standard, and under this mental strain he broke down.

---

In *Lovett v. The State*, 60 Ga. 257, the prisoner desired a continuance in order to procure a witness "supposed from information to be in the State of Massachusetts." The Court below thought this too indefinite, and the appellate court agreed, observing: "Nor was the absence of the recently discovered witness a cause for continuance. The discovery was not complete; the witness was a conception, not a mature birth. He was in *ventre sa mere*. He was *supposed* to be in Massachusetts; a supposition founded upon information derived how, or from whom, or whence, no man knoweth. The sepulchre of Moses would, perhaps, be as easily found as this witness."

---

Counsel had been questioning a certain witness named Gunn, and, in closing, he said to him: "Mr. Gunn, you can now go off." The judge on the bench, seeing the pun, gravely added: "Sir, you are discharged." Of course an explosion in court immediately ensued.