## James F. Davis, Plff. in Err., *v.* Commonwealth of Pennsylvania.

An indictment for adultery which charges that the defendant, being a married man and having a lawful wife living, did have carnal connection with a woman, naming her, not his lawful wife, is sufficient, without setting out the name of the defendant's wife. Act of March 31, 1860.

A conviction will not be reversed for a mere formal defect in the indictment which might have been amended in the court below or might be amended in this court.

(Decided October 18, 1886.)

Error to the Court of Quarter Sessions of Jefferson County to review a judgment on conviction of defendant of the crime of adultery. Affirmed.

On the 20th day of May, 1885, one John B. Haugh made an information before J. W. Walker, Esq., a justice of the peace, in which John F. Davis was charged with adultery with a certain Celesta Hawk, "not his lawful wife." In pursuance therewith a warrant was issued and the defendant arrested.

On September 17, 1885, a true bill was found. On September 18, 1885, a jury was called and before the jury was sworn, a motion was made by defendant's attorneys, to quash the indictment for the reason that the name of the alleged wife of the defendant was not set forth in the said indictment.

Cited in Gorman v. Com. 124 Pa. 536, 17 Atl. 26; Com. v. Bachop, 2 Pa. Super. Ct. 294, 299.

NOTE.—It has generally been held necessary to set forth the name of the husband or wife of the defendant in an indictment for adultery. Helfrich v. Com. 33 Pa. 68, 75 Am. Dec. 579; Com. v. Hogentogler, 11 Lanc. L. Rev. 395; Com. v. Corson, 2 Pars. Sel. Eq. Cas. 475. But where the name of the adulteress is stated, that of the wife need not be. Gorman v. Com. 124 Pa. 536, 17 Atl. 26. Such defects are, however, formal, which must be taken advantage of before the trial. Gorman v. Com. 124 Pa. 536, 17 Atl. 26. Contra, Com. v. Corson, 2 Pars. Sel. Eq. Cas. 475. If the name of the husband or wife of the defendant be given, the fact that the person with whom the intercourse took place was not the lawful husband or wife need not be stated. Helfrich v. Com. 33 Pa. 68, 75 Am. Dec. 579. And *vice versa,* if the latter appears, the former need not, as held in DAVIS V. COM.

The motion was overruled by the court, and defendant pleaded not guilty. The jury was sworn and found defendant guilty in manner and form as indicted. A motion was made for a new trial and was overruled, and on November 12, 1885, defendant was sentenced.

Defendant took this writ, assigning as error the action of the court in overruling his motion to quash the indictment.

*White & Scott,* for plaintiff in error.—"Every offense must, of course, consist of certain facts and circumstances. . . . And the general rule of pleading . . . is that all the material facts and circumstances comprised in the definition of the offense . . . must be stated." Archbold, Crim. Pr. & Pl. 8th ed. p. 265; Rex v. Horne, 2 Cowp. 683.

"If any one fact or circumstance which is a material ingredient in the offense, as defined by the statute, be omitted, the indictment will be bad." Archbold, Crim. Pr. & Pl. p. 267.

"The omission of any fact or circumstance necessary to constitute the offense will be fatal." Wharton, Crim. Pl. & Pr. § 153.

"In the indictment nothing material shall be taken by intendment or implication." 2 Hawk, P. C. p. 314.

No material fact could be left out, to be supplied by evidence; for the law requires "that the indictment should state the facts of the crime with as much certainty as the nature of the case will admit." 1 Chitty, 140.

In the case of Com. v. Corson, 4 Clark (Pa.) 271, it was held that an indictment for adultery against a married woman must set forth upon the record the name of her husband.

It is not sufficient, in an indictment for a statutory offense, to lay it in the words of the statute, unless they expressly serve to allege the act, with all the necessary additions, and without the least uncertainty or ambiguity. Com. v. Miller, 2 Pars. Sel. Eq. Cas. 480.

Offenses created by statute, as well as offenses at common law, must be accurately and clearly described in an indictment, and if the offense cannot be so described without expanding the allegations beyond the mere words of the statute, then it is clear that the allegations of the indictment must be expanded to that extent; as it is universally true that no indictment is sufficient which does not accurately and clearly allege all the ingredients

of which the offense is composed, so as to bring the accused with-in the true intent and meaning of the statute defining the offense. Justice Clifford in United States v. Cruikshank, 92 U. S. 562, 23 L. ed. 595; citing 2 East, P. C. 1124; Dord v. People, 9 Barb. 675; Ike v. State, 23 Miss. 525; State v. Eldridge, 12 Ark. 608.

In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. Justice Gray in United States v. Carll, 105 U. S. 612, 26 L. ed. 1135; citing United States v. Cruikshank, 92 U. S. 562, 23 L. ed. 595; United States v. Simmons, 96 U. S. 360, 24 L. ed. 819; Com. v. Clifford, 8 Cush. 215; Com. v. Bean, 11 Cush. 414; Com. v. Bean, 14 Gray, 52; Com. v. Filburn, 119 Mass. 297.

*C. C. Benscoter,* District Attorney, for the commonwealth.

PER CURIAM:

The indictment before us charges that the defendant "then and there being a married man, and having a lawful wife living, did have carnal connection with a woman, Celesta Hawk, not his lawful wife." As the charge here recited strictly follows the definition of the crime of adultery as found in the 36th section of the act of March 31, 1860, we think it was sufficient without setting out the name of the defendant's wife. In fact the 11th section of the same act so prescribes.

And without this, if it be admitted that the omission was a defect, it was but formal, and might, therefore, have been amended in the court below, or might be so amended even here now in this court.

The judgment is affirmed, and it is ordered that the record be returned to the Quarter Sessions, for the purpose of execution.