## THOMAS GORMAN v. COMMONWEALTH.

ERROR TO THE COURT OF QUARTER SESSIONS OF SCHUYLKILL COUNTY.

Argued February 22, 1889—Decided March 11, 1889.

(*a*) An indictment on trial contained two counts, the first charging fornication and bastardy, the second adultery; and the commonwealth proved that the defendant was a married man and had had connection with a single woman, and the birth of a child therefrom.

(*b*) The commonwealth was then granted leave to strike from the indictment the charge of fornication, " and to amend the second count so as to include the charge of bastardy in accordance with the evidence ;" and on the indictment as amended the verdict was, " guilty of adultery and bastardy."

1. In such case, nothing was added to or altered in the indictment, other than to withdraw the formal charge of fornication and to unite the charge of bastardy, as specifically charged and proven, with that of adultery.

2. Whether the charge be fornication and bastardy, adultery, or seduction, the essential fact which constitutes the offence is fornication, these said offences existing by reason of the several peculiar aggravations accompanying the commission of the fornication.

3. A count for adultery, drawn according to established precedents recognized by the courts prior to the crimes act, will be adjudged sufficient though not pursuing the language of § 36, act of March 31, 1860, P. L. 392.

4. As it was charged that the defendant, a married man, did commit adultery with the prosecutrix and a bastard child upon her body did beget, the omission of the name of defendant's wife, even if necessary, was but a matter of form to be set up before the jury was sworn, and not afterward.

5. As the offence of fornication, or adultery, might be established though a child was not begotten, the birth of the child in consequence thereof was but proof of the bastardy, and unnecessary to be averred in the indictment, to sustain the judgment on the verdict.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 153 January Term 1889, Sup. Ct.; court below, No. September Term 1888, Q. S.

On September 8, 1888, the grand jury returned as a true bill an indictment charging:

In the first count, that Thomas Gorman, on, etc., at, etc., "with force and arms, etc., did commit fornication with a certain Ellen Colihan, and a female bastard child on the body of her, the said Ellen Colihan, then and there did beget, contrary," etc.

In the second count, that the said Thomas Gorman, afterward, to wit, on, etc., at, etc., "did commit the crime of adultery with one Ellen Colihan by then and there having carnal knowledge of the body of her, the said Ellen Colihan, the said Thomas Gorman being then and there a married man and having then and there a lawful wife alive, contrary," etc.

The case being called for trial, on September 10, 1888, before GREEN, J., the defendant pleaded, not guilty; issue.

The commonwealth then proved that on October 7, 1887, in the county of Schuylkill, the defendant had carnal connection with Ellen Colihan, a single woman, and that a female child was begotten which was born in the county on May 26, 1888. It was admitted that the defendant was a married man. The defendant did not cross-examine the prosecutrix, the only witness testifying for the commonwealth, but called upon the commonwealth to elect upon which count of the indictment a conviction was claimed.

The district attorney then moved the court for leave "to strike out from the indictment the charge of fornication, and to

amend the second count so as to include the charge of bastardy in accordance with the evidence." The motion was allowed.[1]

The cause was submitted upon the evidence and the charge of the court, and the jury returned a verdict that the defendant was "guilty of adultery and bastardy."

The defendant then moved in arrest of judgment, and assigned as the ground thereof, that the count of the indictment upon which he was convicted did not so charge the offence of adultery as to authorize the court to enter judgment against the defendant upon it.

On October 15, 1888, the court, GREEN, J., filed the following opinion and decree:

The indictment in this case contained two counts, one charging fornication and bastardy, the other adultery. Before the trial, the defendant filed a motion to quash without assigning any reasons. This was overruled. The evidence upon the trial clearly made out the case; the commonwealth proving a single illicit connection between the parties, and the defendant admitting he was a married man. The commonwealth thereupon rested. The counsel for the defendant thereupon asked the commonwealth to elect upon which count a conviction was claimed. The commonwealth, instead of resisting the claim, acquiesced in it, and elected to proceed upon the count for adultery. Why they should have acquiesced in this demand of the defendant, we are at a loss to understand.

It seems to have been based upon the idea that as but a single act of illicit intercourse was proven, a conviction upon the indictment generally would be a double conviction for a single act, authorizing the court to impose sentence upon each count. I cannot realize the force of this objection. It is a matter of every-day practice to join different offences in the same indictment when they are of the same nature; as in indictments for larcency or receiving stolen goods, etc.: Commonwealth v. Gillespie, 7 S. & R. 469; Stevick v. Commonwealth, 78 Pa. 460. A felony triable in the Quarter Sessions may be joined with a misdemeanor growing out of the same transaction and part of it, and the defendant may be convicted of the lesser offence: Hunter v. Commonwealth, 79 Pa. 503. It necessarily follows that two counts for misdemeanors growing.

out of the same transaction may be likewise joined in the same
indictment, when but a single offence has been committed.
It is very usual to charge it in various ways in two or more
counts, so as to make the charge conform to any turn the evi-
dence might take, as in indictments charging assault and
battery, aggravated assault and battery, and assault and battery
with intent to kill, or with intent to commit rape. This is
recognized practice: Commonwealth v. Dobbins, 2 Pars. 380;
Henwood v. Commonwealth, 52 Pa. 424; and the common-
wealth is not put to an election on which count a conviction
is asked. That is for the jury to say under the evidence. A
conviction under the greater offence charged, including a con-
viction under the lesser, when both are of the same nature; a
conviction for adultery, necessarily including the offence of
fornication, because the lesser is included within the greater,
the commonwealth may claim a conviction under both counts
of such an indictment, when the offence has been made out by
proper proof. Why should not this be the case when it has
been decided that under an indictment charging adultery, the
jury may convict of simple fornication? Commonwealth v.
Salman, 1 Leg. Chron. 320. For these reasons I think the
commonwealth could not have been compelled to elect upon
which count to proceed.

But it is useless to discuss this at any greater length. The
commonwealth having made its election and the jury having
convicted the defendant of adultery and bastardy, the defend-
ant now asks the judgment to be arrested on the ground that
the count charging adultery does not aver that Ellen Colihan,
the prosecutrix, was not the wife of the said Thomas Gorman;
the charge being that the said Thomas Gorman "did commit
the crime of adultery with one Ellen Colihan . . . . . the said
Thomas Gorman being then and there a married man and hav-
ing then and there a lawful wife alive." This is the question
which now confronts us. It is absolutely necessary that there
should be an averment that Ellen Colihan was not his lawful
wife, in order to exclude any inference that she might be.

I find no decisions in this state expressly upon this point,
but I doubt whether any indictment was ever adjudged defec-
tive, after trial and conviction, which showed by necessary im-
plication that defendant was not either the husband or wife of

the person with whom the offence was committed. The fact that the indictment charges the defendant, Thomas Gorman, to have committed the offence with a person by the name of Ellen Colihan would probably be not sufficient to raise such necessary implication; but I think it is necessarily implied in the charge that he did commit adultery with her, he being then and there a married man, the charge of adultery with her necessarily implying that she was not his wife.

In the absence of direct authority the ancient and approved forms and precedents are of great weight in determining such questions. I find that the indictment in this case follows the form as laid down in Wharton's Prec. of Indictments, 584, and which, according to the foot note, was also the form as laid down in Reed's Digest, a still earlier publication. I find also that in indictments for fornication in this state, a form of the same kind is used as in adultery, there being no averment that the party with whom the fornication was committed was not the wife or husband of the offender. If the position taken by the defendant in this case is correct, it would be as necessary to insert such an averment in an indictment for fornication as in one for adultery.

Even if the indictment were objectionable in this respect, it would, I think, be clearly amendable under our criminal procedure act of 1860, § 11. Under the liberal construction given to that act, amendments which do not affect the substantial merits of the case are readily allowed. This is especially the case when the objection to the form of the indictment is not exposed until after verdict. In the Commonwealth v. Harris, 1 Leg. Gaz. 455, it was decided that an indictment might be amended by inserting the technical words substantially charged. See also Davis v. Commonwealth, 4 Cent. R. 711, to the same effect. For these reasons the motion in arrest of judgment must be overruled.

And now, Oct. 15, 1888, motion in arrest of judgment overruled.

On December 3, 1888, judgment was passed that the defendant, on the charge of adultery, pay a fine of $75 and costs and undergo an imprisonment in the county prison for a period of four months; and on the charge of bastardy, that he pay to the

prosecutrix $25 lying-in expenses, and $1 per week, until the child should arrive at the age of 7 years, and give bond, etc.[2] Thereupon the defendant took this writ, assigning as error:

1. The order allowing the amendment of the second count of the indictment.[1]

2. The entering of judgment upon the indictment as thus amended.

3. The entering of judgment for bastardy upon the amended count, as neither in the original nor in the amended count was it averred that the child was born.

4. The judgment entered on the second count.[2]

*Mr. John A. Nash* (with him *Mr. Chas. A. Snyder* and *Mr. Wm. A. Marr*, for the plaintiff in error:

There are three elements necessary to constitute the offence of adultery under the crimes act of 1860: (*a*) That the man charged with the offence was at the time a married man; (*b*) that he had carnal connection with a woman; (*c*) that the woman was not his lawful wife. If the indictment fail to aver either of these facts it does not describe the offence of adultery: Commonwealth v. Corson, 4 Clark 271; Commonwealth v. Moore, 6 Met. 243; Helfrich v. Commonwealth, 33 Pa. 68; Commonwealth v. Thompson, 2 Cush. 351; Perdue v. Commonwealth, 96 Pa. 311.

*Mr. M. M. L' Velle* and *Mr. John Ryon* (with them *Mr. W. J. Whitehouse, District Attorney*, and *Mr. R. H. Koch*), for the defendant in error:

The form of the count for adultery in the case at bar has the sanction of long and general usage, prior to the crimes act of 1860: 2 Wharton, Crim. L., 8th ed., § 1720; Helfrich v. Commonwealth, 33 Pa. 68; Commonwealth v. Kilwell, 1 Pittsb. 255; Respublica v. Roberts, 2 Dall. 124. Moreover, if the omission of the name of defendant's wife is defective, the defect is formal and should have been objected to before the jury was sworn: Section 11, act of March 31, 1860, P. L. 433; Phillips v. Commonwealth, 44 Pa. 197. Afterwards, the indictment cannot be quashed or the judgment arrested: Commonwealth v. Frey, 50 Pa. 245; but it may be amended: Davis v. Commonwealth, 4 Cent. R. 711; Rough v. Commonwealth, 78 Pa. 495.

OPINION, MR. JUSTICE CLARK:

The indictment in this case contained two counts; one for fornication and bastardy, the other for adultery. During the trial the defendant called upon the commonwealth to elect upon which count a conviction was claimed, whereupon the commonwealth, not challenging the defendant's right to make such a demand, moved the court to strike out the charge of fornication in the first count, and to amend the second count so as to include the charge of bastardy, which was done accordingly. The effect of this was to charge the defendant with adultery and bastardy, both of which offences had been charged in the indictment as returned by the grand jury. By the amendment nothing was added to, or altered in, the indictment, other than to withdraw the formal charge of fornication, (of which the defendant certainly could not complain), and to unite the charge of bastardy with that of adultery. This simply affected the form of the indictment, altering no matter of substance. If the first count had been withdrawn wholly, and the defendant had been brought to trial on the charge of adultery, it would have been competent for the jury, in a certain condition of the proofs, to have found him guilty of fornication: Dinkey v. Commonwealth, 17 Pa. 126. Whether the charge be fornication and bastardy, adultery or seduction, the essential fact which constitutes the crime is fornication; these several offences exist by reason of the several peculiar aggravations, which in each case accompany the perpetration of the crime: Dinkey v. Commonwealth, supra. The charge of adultery, therefore, of which the defendant was found guilty, necessarily embraced the crime of fornication; and, as bastardy was also specifically charged and proven, in further aggravation of the offence, the just and appropriate penalties of the law were, we think, rightly imposed.

The count for adultery, although not expressed in the words of the statute, was drawn according to the established precedents, recognized by the courts and the profession in this state for half a century and more, prior to the passage of the crimes act of 1860. That act merely gave us an authoritative definition of adultery, but it defined it according to the understanding which we had of that offence prior to its passage; the essential and characteristic features of the crime were precisely

the same before as since the act of 1860. And as there is no requirement that indictments must pursue the words of the statute, we cannot see why an indictment for adultery adjudged to be good under the criminal practice and procedure prior to the act of 1860, may not be considered sufficient now.

The defendant comes here confessing that he is a married man, and frankly admitting that Ellen Colihan is a single woman, yet he contends that, as the name of his wife is not set forth in the indictment, it should have been averred that Ellen Colihan was not his lawful wife; in other words, that he is not charged with the commission of any crime, for, as respects the indictment, Ellen Colihan may have been the defendant's wife. His case rests upon a sheer technicality. The defect, if there is any, affects the form, not the substance of the charge. That the defendant is a married man, and had at the time a lawful wife alive, is expressly charged, and the fact is admitted; that Ellen Colihan was not his wife is necessarily implied, if it is not plainly expressed, in the words of the indictment. The charge is that the defendant " did commit the crime of *adultery* with one Ellen Colihan," and " a female *bastard* child on the body of her the said Ellen Colihan did beget," etc. The omission of the name of the defendant's wife is but a formal matter, which should have been objected to before the jury was sworn, and not afterward: Davis v. Commonwealth, 4 Cent. R. 711; Rough v. Commonwealth, 78 Pa. 495.

The defendant further assigns for error, that the indictment does not aver the birth of the child. The crime of fornication, or adultery, may be established although a child is not begotten; the birth of the child in consequence thereof is the proof of bastardy, and under our practice need not be averred in the indictment.

Upon an examination of the whole case, we are of opinion that the judgment and sentence of the court must be sustained.

The judgment is affirmed and the record remitted.