*Payton & Hay,* for plaintiff in error.

*J. H. Tipton,* solicitor, contra.

---

## TISON *v.* THE STATE.

FISH, C. J. 1. Upon the trial of one charged with the offense of adultery, it is necessary, in order to authorize a conviction, to prove by competent evidence that, at the time of the alleged offense, both the accused and the other person alleged to have participated in the criminal act were married persons. *Kendrick* v. *State,* 100 *Ga.* 360.

2. The testimony of a witness, that the man with whom the accused was alleged to have committed the offense "claims to be a married man,"

was merely hearsay, and such evidence has no probative value. See *Equitable Mortgage Co.* v. *Watson,* 119 *Ga.* 283, and cit.

3. There being no evidence that the man named in the accusation was a married man at the time of the commission of the alleged offense, the verdict was unauthorized, and the court erred in not setting it aside.
*Judgment reversed. All the Justices concur.*

Argued February 19,—Decided March 22, 1906.

Accusation of adultery. Before Judge Park. City court of Sylvester. January 1, 1906.

*Payton & Hay,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.