## BISHOP *v.* THE STATE.

Upon the trial of a criminal case, incriminating statements not offered for the purpose of impeachment, previously made against but not in the presence of the defendant, by a witness who upon such a trial was sworn for the defendant, are not admissible for the prosecution; and this is true whether such statements relate to matters of fact or matters of 'opinion. Accordingly it was erroneous upon such a trial to admit in evidence the statements of the witness made in the absence of the defendant, although thereafter sworn in his behalf, to the effect that he had told the solicitor that he knew the defendant was guilty.

Argued February 20,—Decided March 22, 1906.

Accusation of selling liquor. Before Judge Clark. City court of Forsyth. January 24, 1906.

*Persons & Persons,* for plaintiff in error.

*H. E. Chambliss, solicitor,* contra.

ATKINSON, J. The defendant was tried under an accusation in a city court and convicted of the offense of selling liquor without a license. In the course of the trial, a witness who was sworn for the the defendant testified as follows: "I went to Mr. Chambliss, the solicitor of the city court, who is with Mr. Rutherford, and he told me that the best thing for Bishop to do was that there was two accusations in the court against him, the best thing for him to do was to plead guilty to one of the accusations, and he would nol. pros. the other. I told him that I would go to see Mr. Bishop and tell him to do that, as I thought that was the best way out of it, as he had been dealing in whisky before. Mr. Chambliss said, 'You know he is guilty, and it will be lighter on him to get the case compromised.' Mr. Bishop was not present during this conversation with Mr. Chambliss and myself. . . . I told Mr. Chambliss that I knew Mr. Bishop was guilty." When the above testimony was offered in evidence, it was objected to upon the ground that it was "incompetent, hearsay, irrelevant, and opinion;" and the admission of the testimony over the objection is made one of the grounds of the motion for new trial. It is obvious, from the mere statement of the proposition, that the court erred in admitting in evidence the conversation between the solicitor and the witness, as above stated. It was not admissible for the purpose of impeachment, because the witness had stated no fact with which the statement was in conflict. It can only be classed as irrelevant and hearsay, and could serve no purpose other than to prejudice the case of the defendant before

the jury. To permit a witness, in the absence of the accused, to make a confession for him, is violative of the most elementary principles of criminal law.

*Judgment reversed. All the Justices concur.*