CAMP *v.* THE STATE.

No. 10358.   AUGUST 10, 1934.

*W. A. Foster, W. L. Denton, Hal Hutchins, C. B. McGarity, G. D. Anderson, Lamar Camp, Maddox, Matthews & Owens,* and *Porter & Mebane,* for plaintiff in error.

*M. J. Yeomans, attorney-general, S. W. Ragsdale, solicitor-general, B. D. Murphy,* and *J. T. Goree,* contra.

BELL, J.   By the act of July 31, 1918 (Ga. L. 1918, p. 259), it was made "unlawful for any person to have sexual or carnal intercourse with any female child under the age of fourteen (14) years, unless such person shall have previously become lawfully married to such female child." The act further declared that any person violating its provisions shall be guilty of rape, and on conviction shall be punished as therein stated; "provided, however, that no conviction shall be had for said offense on the unsupported testimony of the female in question." The defendant was convicted of violating this law; and a new trial being refused, he excepted.

■ The defendant stated to the jury that he had "never had any inclination to run after women," and had "never lived on the immoral side of life." The court did not err in allowing the prosecution to rebut this statement by the testimony of a physician tending to show that the defendant was recently afflicted with the disease of gonorrhea. *Doyle* v. *State,* 77 *Ga.* 513 (2) ; *Shropshire* v. *State,* 81 *Ga.* 589 (8 S. E. 450) ; *Goolsby* v. *State,* 133 *Ga.* 427 (2) (66 S. E. 159) ; *Josey* v. *State,* 137 *Ga.* 769 (74 S. E. 282) ; *Barnes* v. *State,* 24 *Ga. App.* 372 (4) (100 S. E. 788).

■ Arthur Clay, a police officer, testified as follows: "It was reported around town that there was some gonorrhea around town. I went to see Trixie [Elsie Brogden, the person alleged in the bill of indictment to have been raped by the defendant], then in jail.

I asked her if she had had gonorrhea, and she said she did not know whether or not she had it. I asked her if she had had anything to do with any men, and she said she had." This evidence was objected to upon the ground that it was irrelevant, immaterial, and hearsay. Since the female testified as a witness that she had had intercourse with several men, and also testified without objection to having made a statement to this effect to the police officer, the admission of such testimony of the officer, so far as it related to intercourse, was apparently not cause for a new trial (*O'Shields* v. *State,* 55 *Ga.* 696; *Lovett* v. *State,* 60 *Ga.* 257 (4); *Hixon* v. *State,* 130 *Ga.* 479, 61 S. E. 14); but the same can not be said of the other portions of the statement, relating to the prevalence of gonorrhea and the question of whether the female was afflicted therewith. The testimony as to these matters was not only subject to the objections made, but, since it indicated that the female, a mere child of 13 years, was suspected of having gonorrhea, this evidence was calculated to incense the jury against any person who might be charged with having had intercourse with her, and thus tended to prejudice the defendant's cause. Especially is this true in view of the evidence referred to in the preceding paragraph 1, which, though subsquently admitted and not itself subject to objection, could have accentuated the prejudicial effect of the hearsay testimony, just as some other subsequent occurrence might render an error harmless. For the reasons stated, the court erred in refusing to grant a new trial. *Lowe* v. *State,* 97 *Ga.* 792 (2) (25 S. E. 676); *Tison* v. *State,* 125 *Ga.* 7 (2) (53 S. E. 809); *Bishop* v. *State,* 125 *Ga.* 29 (53 S. E. 807).

Since a new trial must be ordered for the error pointed out in the preceding division, no ruling is made as to the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur.*

Russell, C. J., concurs specially.