### 26560.   GLISSON *v.* THE STATE.

DECIDED JANUARY 6, 1938.

W. C. Brinson, for plaintiff in error.

J. W. Claxton, solicitor, contra.

GUERRY, J. ■ In the trial of one charged with a criminal offense, the allowance in evidence of hearsay testimony over timely objection, upon a point material to the State's case, is prima facie harmful. It has been held that "Though evidence when first admitted be objectionable as hearsay, not coming strictly within the res gestae, if the direct facts be afterwards proved by another witness whose knowledge of them is personal and immediate, and as whose sayings they were detailed by the former witness, the irregularity is not such as to require a new trial." Lovett v. State, 60 Ga. 257 (4); Usher v. State, 27 Ga. App. 776 (110 S. E. 414). This rule can not be held authority for the position that the allowance in evidence of hearsay testimony over timely objection, upon a material issue, will not require the grant of a new trial, where the direct facts are proved by a witness other than the one as whose sayings they were detailed by the former witness. Since in this State the jury is the sole judge of the credibility of witnesses and their testimony, it seems apparent that it can not be said to be sound, as a general rule, that the introduction and allowance in evidence of a statement of one other than the witness, the import of which statement tends to establish a fact material to the State's case, is rendered harmless because another witness for the State testifies to the same fact. However, if the person to whom the witness attributes the statement of material fact is introduced by the State as a witness, and he testifies that he did not have any knowledge of such fact, then it would seem that as a general rule the former allowance in evidence of such hearsay testimony is rendered of so little consequence that it will not require the grant of a new trial. The vice of hearsay evidence is that its probative value depends, in whole or in part, on the veracity and competency of some person other than the witness by whom it is sought to produce it. "The very nature of the evidence shows its weakness" (Code § 38-301), and the reason for its exclusion from consideration by the jury is that "the unsworn statement of a person not called as a witness or subjected to the test of cross-examination is not recognized as having a sufficient probative effect to raise an

inference that the fact is as stated." 22 C. J. 204, 205, 206. If by the introduction of such evidence it is probable that the jury might have been led to believe that they could consider it as sufficient to establish the fact stated, then if that fact be material, and timely objection be urged, a new trial should result. However, where the probability of their using such evidence in such a way becomes remote, by the introduction of the person quoted by the State, who testifies, without any contradiction, that he did not know of such fact, a new trial will not necessarily result.

The defendant was charged with operating an automobile without the consent of the owner. The prosecutor and owner of the automobile was allowed to testify that the defendant "got the car while it was parked on the street. I know he did, because Brinson Simpson told me that he did." It was, of course, an essential element of the State's case that proof be offered that the defendant did take and thus used and operated the car, and it was not competent to prove this by the hearsay testimony of the prosecutor. William Powell, a witness for the State, testified from his own knowledge that the defendant did take and thus use and operate the car. We have pointed out in general terms that this would not necessarily render the introduction of the hearsay evidence by the prosecutor harmless. However, Brinson Simpson, the person to whom the prosecutor attributed the statement that defendant "got the car" from the street, was placed on the stand by the State, and he testified that he did not see the defendant take or drive the car, and did not know whether he did so or not. No one contradicted him in this, and he was not called upon, on direct or cross-examination, to state whether he told the prosecutor that the defendant took the car while it was parked on the street. This to our minds, in the present case, completely eradicated any injury that could have been done to the defendant by allowing the hearsay statement to go before the jury. The State attempted to prove by a declaration of Simpson that the defendant took and operated the car, but immediately proved by Simpson himself that he did not see the defendant take the car and could not have known of his own knowledge that he did. Under these circumstances we do not think the error requires the grant of a new trial.

■ It being made to appear from the evidence that the defendant obtained and drove the automobile of the prosecutor without

his permission or the permission of any one authorized to act for him, the verdict finding him guilty of a violation of the Code, § 68-307, is supported.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*