## 27998. FREEMAN *v.* THE STATE.

DECIDED MARCH 6, 1940.

*Hamilton & Herbert B. Kimzey, Sam Kimzey, Grover C. Oliver, J. Herbert Griggs,* for plaintiff in error.

*J. Fred Kelley, solicitor-general, J. E. Frankum,* contra.

MACINTYRE, J. The indictment charged the defendant "with the offense of adultery; for that the said accused, being then and there a married woman, on the 1st day of June, in the year 1939, in the county aforesaid, did then and there unlawfully and with force and arms live together in a state of adultery with and did then and there cohabit and [also?] have sexual intercourse with one Jake Underwood, who was then and there a married man." She was convicted. Her motion for new trial, based solely on the general grounds, was overruled, and she excepted. She contends that the indictment charged her only with the offense of "adultery" by "living in a state of adultery," and did not charge her with the offense of "adultery" by perpetrating a single act of criminal intercourse, or any other offense; and therefore that proof of one act of illicit intercourse, without more, was insufficient to convict the accused of the offense of adultery by "living in a state of adultery." Citing *Lawson* v. *State,* 116 *Ga.* 571 (42 S. E. 752), and *Winkles* v. *State,* 4 *Ga. App.* 559 (61 S. E. 1128).

The Code, § 26-5801, declares: "Any man and woman who shall live together in a state of adultery or fornication, or of adultery and fornication, or who shall otherwise commit adultery or fornica-

tion, or adultery and fornication, shall be severally indicted, and shall be severally punished as for a misdemeanor; but it shall, at any time, be within the power of the parties to prevent or suspend the prosecution and punishment by marriage, if such marriage can be legally solemnized." Under this law "there are three distinct kinds of indictable sexual intercourse, viz., adultery, fornication, and adultery and fornication, the offense in each instance being a joint one. If both the parties to its commission are married, each is guilty of adultery; if both are single, each is guilty of fornication; if one is married and the other single, each is guilty of adultery and fornication." *Kendrick* v. *State,* 100 *Ga.* 360 (28 S. E. 120). The instant case charges the offense of adultery under this section, it being alleged that both parties are married. The Supreme Court has held, in effect, that adultery may be committed in two ways, to wit, by living in a state of adultery, and by perpetrating a single act of criminal intercourse; and that an indictment so charging is not demurrable on the ground that two offenses are charged in one count. *Heath* v. *State,* 91 *Ga.* 126 (16 S. E. 657). See *Cason* v. *State,* 60 *Ga. App.* 626 (4 S. E. 2d, 713). This court, in *Griffin* v. *State,* 30 *Ga. App.* 185 (117 S. E. 470), overruled a demurrer to an indictment which charged the defendant with "the offense of adultery and fornication; for that the said accused did, on the 15th day of September in the year 1922, in the county [of Colquitt] aforesaid, unlawfully have sexual intercourse with, and did also live together in a state of adultery with [a named person], they not being then and there lawfully intermarried, and he, the said C. L. Griffin, being then and there a married man, and she [the other named person] being then and there a married woman, contrary to the laws of said State." In comparing the indictment in the instant case with that in the *Griffin* case, the present indictment is somewhat inaccurate and inapt, however, we are of the opinion that it in effect follows the indictment in the *Griffin* case; and in the absence of a special demurrer, we think, under the rulings in that case and the *Heath* case, supra, it in effect charged the commission of the statutory crime of adultery, both by "living in a state of adultery," and by perpetrating a single act of illicit intercourse, which is amply shown by the evidence, was sufficient to sustain a conviction under this indictment.

The defendant further contends, that, "omitting the language in regard to living in a state of adultery, every allegation of the special presentment could be admitted without the accused admitting guilt of any criminal offense under the penal statutes of the State of Georgia. This is true because there is no allegation that the accused and Jake Underwood were not legally intermarried, and the fact that these parties were not married to each other, should certainly not be read into the special presentment by inference or implication." Her case rests upon sheer technicality. Gorman v. Commonwealth, 124 Pa. 536 (17 Atl. 26). It is alleged, as required by the law in this State in indictments for adultery, that both participants in the unlawful act were married. *Kendrick* v. *State,* supra; 2 C. J. 19, § 30. The defendant is designated by her name as Mrs. Minnie Freeman, and her paramour as Jake Underwood. Each is alleged to be married, and the act of sexual intercourse is alleged to be unlawful and contrary to the laws of this State; therefore, "it being made apparent from the allegations that the parties do not occupy the relation of husband and wife, it is not necessary further to allege the name or names of the legal spouse or spouses." 2 C. J. 20, § 31; Bishop's Statutory Crimes, 482, § 673. See also Hildreth v. State, 19 Tex. App. 195; Lenert v. State (Tex.), 63 S. W. 563. To state the rule differently, the indictment need not name the spouse of the accused; and even if such naming be considered important, it is a mere formal matter subject to amendment, and should have been objected to on demurrer, and not after a verdict by a jury. 2 C. J. S. 481, 482, § 13. Gorman v. Commonwealth, supra; Davis v. Commonwealth, 7 Atl. 194. In other words, after verdict the indictment must be construed most strongly against the defendant; and in so construing it, we think it charged the commission of adultery in both of the ways specified by law. See *Lewis* v. *State,* 55 *Ga. App.* 743 (4) (191 S. E. 278). The evidence authorized the verdict.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*