## 31802. HOPGOOD v. THE STATE.

DECIDED DECEMBER 4, 1947.

*J. L. Davis,* for plaintiff in error.
*J. H. Paschall, Solicitor-General, Warren Akin,* contra.

MacINTYRE P. J. J. H. Hopgood was indicted for a misdemeanor. The jury returned a verdict of guilty. The defendant made a motion for new trial based on the general and four special grounds. This motion was overruled, and the defendant excepted.

The indictment alleged: "J. H. Hopgood on the 9 day of July in the year Nineteen Hundred and Forty Seven, in the coun-

ty aforesaid, did then and there, unlawfully and with force and arms, did unlawfully have sexual intercourse with, and did also live in a state of adultery with Sara Jim Morgan they not being then and there lawfully intermarried, and he the said J. H. Hopgood being then and there a single man and she the said Sara Jim Morgan being then and there a single woman."

Under Code § 26-5801, "there are three distinct kinds of indictable sexual intercourse, viz: adultery, fornication, and adultery and fornication, the offense in each instance being a joint one. If both the parties to its commission are married, each is guilty of adultery; if both are single, each is guilty of fornication; if one is married and the other single, each is guilty of adultery and fornication." *Kendrick* v. *State,* 100 *Ga.* 360 (1) (28 S. E. 120) ; *Freeman* v. *State,* 61 *Ga. App.* 850, 851 (7 S. E. 2d, 779).

"It has been often ruled in this court that an offense is characterized, not by its specific designation in the indictment, but by the criminal acts therein alleged to have been committed." *Disharoon* v. *State,* 95 *Ga.* 351, 356 (22 S. E. 698).

Since the indictment alleges that both parties were single at the time of the alleged act, the accused is charged with the offense of fornication only. *Kendrick* v. *State,* supra; *Bennett* v. *State,* 103 *Ga.* 66 (29 S. E. 919, 68 Am. St. R. 77) ; *Zackery* v. *State,* 6 *Ga. App.* 104 (64 S. E. 281).

Several witnesses for the State testified that Sara Jim Morgan, the woman with whom the defendant is alleged to have committed the offense, had the reputation in the community of being single.

A witness for the defendant testified: "I know Sara Jim Morgan. She was a Moore prior to her marriage; her name was Sara Jim Moore. Yes sir, she married Willie Morgan. No sir, I don't remember the date she married him, it has been 10 or 11 years ago. Yes sir, she lived with him as his wife, right below me down there." On cross-examination the witness stated: "I don't know whether they ever got a divorce or not. Willie Morgan now is down at Mr. Fuller's. He has not married again, as I know of. No sir, he is not living with a woman down there as his wife now. No sir, he is not living with Sara

Jim Morgan, and he hasn't in years. . . . Yes sir, she passes as a single woman."

Sara Jim Morgan testified in effect that she married Willie Morgan about 11 years ago, and she stated: "I have never secured a divorce from John Willie Morgan, nor has he ever divorced me."

The defendant introduced in evidence the marriage license and certificate of Willie Morgan and Sarah (Sara) Moore.

"It is essential to the conviction of a man indicted for fornication, for the State to prove that when the alleged offense was committed both he and the woman with whom the criminal intercourse took place were unmarried persons." *Bennett* v. *State*, supra.

In the instant case the indictment charges the offense of fornication only, and the proof shows that one of the parties was married at the time the offense is alleged to have been committed; therefore, a verdict of guilty was contrary to the evidence. *Williams* v. *State*, 86 *Ga.* 548 (12 S. E. 743).

Even if we construed the indictment to charge the accused with the offense of adultery, under the evidence presented, a conviction could not be allowed to stand. The evidence must show that the accused and the other person alleged to have participated in the criminal act were married persons. *Tison* v. *State*, 125 *Ga.* 7 (53 S. E. 809).

Since the assignments of error presented in the special grounds of the motion for new trial are not likely to occur on the second trial of the case, they have not been considered.

The evidence did not support the verdict, and the trial judge erred in refusing a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*