## 56872. WILSON v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for and convicted of the offense of armed robbery. He was sentenced to serve 20 years in the penitentiary. Motion for new trial was filed, later amended, and after a hearing, denied. Defendant appeals. *Held:*

1. Defendant was convicted based upon testimony of an accomplice whose testimony was duly corroborated by the other evidence, including the admissions of the defendant. The evidence was ample to support the verdict of guilty.

2. During the cross examination of the defendant as a witness in his own behalf he testified that he had never seen a robbery before as follows: "Q. You've never been in anything like that before? A. Not like that, not seeing no robbery or nothing. Q. Have you ever seen a robbery before? A. No." Defendant's first complaint in regards to this testimony is that the state forced him by such cross examination to place his character in issue. But in examining the testimony in which the defendant was attempting to explain his nervousness and physical condition he himself responded to the question that he had never been in anything like that before. Consequently, the defendant's answer to questions on cross examination resulted in his contention that he had never seen a robbery before. He himself has volunteered information with reference to having never seen a robbery. Further, at this point in time in no way was his character placed in issue. See *Jackson v. State,* 231 Ga. 664, 665 (2) (203 SE2d 535). See also *Brand v. Wofford,* 230 Ga. 750, 753 (8) (199 SE2d 231).

Other complaints made by the defendant in regard to this line of testimony is that later the state requested and received permission to reopen its case and put in some rebuttal testimony. Objection was made to the reopening of the state's case to which the trial court replied that it was discretionary and he would let the state reopen the case. Whereupon the state offered testimony of a prior conviction, robbery by force, in which defendant had pleaded guilty some 14 years before, and same was allowed in evidence. This evidence was definitely rebuttal evidence of his claim that he had never seen a robbery before. *Tiller v. State,* 111 Ga. 840 (36 SE 201); *Camp v. State,* 179 Ga. 292 (175 SE 646). Nor did the court err in allowing the state to reopen its case and offer rebuttal testimony. *Burden v. State,* 182 Ga. 533, 534 (3) (186 SE 555); *Tanner v. State,* 163 Ga. 121 (11), 130 (135 SE 917); *McFarland v. State,* 137 Ga. App. 354, 357 (5) (223 SE

2d 739); *Ford v. State,* 232 Ga. 511, 514 (4) (207 SE2d 494).

3. The next enumeration of error complains of the failure of the trial court to rebuke the district attorney with reference to an alleged inflammatory remark made in the argument in which he denominated the defendant as a "parasite" stating that he thrives on setting people up in criminal activity, using children as pawns, and that he makes his living off of other people. However, the court reporter did not record the arguments of counsel and we cannot accept defendant's claim as to what was said and shown in his brief. The state contends it was simply drawing reasonable deductions from the evidence, citing *Owens v. State,* 120 Ga. 209, 210 (47 SE 545); *Miller v. State,* 226 Ga. 730, 731 (177 SE2d 253). However, since we have no verbatim information as to what was the exact argument of counsel, we decline to review this enumeration of error.

4. The remaining enumeration of error argued by defendant complains that the trial court erred in improperly charging the jury that the defendant had previously been sentenced for the offense of armed robbery or robbery by the use of an offensive weapon, neither of which offenses the defendant had ever been charged or convicted. The defendant has violated a rule of this court by failing to point out the exact point in the charge where this alleged charge was given. However, we have found this excerpt of the charge in which the court charged as follows: "In this case The Court has allowed to be introduced in evidence a bill of indictment, an original bill of indictment, charging this defendant together with several others, two others I believe, of the offense of armed robbery or robbery by use of an offensive weapon at some prior date, and along with that bill of indictment and the pleas entered thereon are the sentences of the Court in connection with that case. Now, I charge you regarding that, that the indictment which was put in evidence was admitted not for the purpose of showing the commission of another crime by this defendant, but only for the purpose of rebutting a portion of the defendant's statement to the jury, and throwing what light it might on the question of his guilt or innocence in the present case." Examination of

the exhibit allowed in evidence shows the defendant was charged with two others of the offense of "robbery by force . . . unlawfully and with force and arms wrongfully, fraudulently, and violently take ... by force..." The use of the language, "by use of an offensive weapon" as used by the trial court in its charge while not verbatim the language of the indictment is virtually the same, and of course, the jury having the indictment in its possession could compare and decide as to that meaning. However, the trial court did explain that this evidence was solely for the purpose of rebuttal of a portion of the defendant's statement to the jury, "and throwing what light it might on the question of his guilt or innocence." There is no merit in this complaint.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 20, 1978.

*Beck, Goddard, Owen & Murray, Frank A. Thomas, Jr., John H. Goddard, Jr.,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys,* for appellee.