### ATKINS v. THE STATE.

"Under the provisions of the act of the General Assembly of Georgia, raising the 'age of consent' of female children to fourteen years (Ga. L. 1918, p. 259), . . the offense of an assault with intent to rape, when committed upon a female child over ten years old and under fourteen years of age [is not] a reducible felony;" that is, one convicted of such offense can not, upon recommendation of the jury, be punished as for a misdemeanor.

No. 3327. NOVEMBER 18, 1922.

Questions certified by Court of Appeals (Case No. 13571).

*I. W. Rountree* and *Guy Alford,* for plaintiff in error.

*Walter F. Grey, solicitor-general,* contra.

FISH, C. J. "The Court of Appeals desires instructions from the Supreme Court upon the following questions, a determination of which is necessary for the decision of this case: 1. Under the provisions of the act of the General Assembly of Georgia, raising the 'age of consent' of female children to fourteen years (Ga. L. 1918, p. 259), is the offense of an assault with intent to rape, when committed upon a female child over ten years old and under fourteen years of age, a reducible felony? See, in this connection, Penal Code of 1910, § 1062; *Todd* v. *State, 25 Ga. App.* 411 (5), followed in *Wade* v. *State, 27 Ga. App.* 650." The only other question propounded is predicated upon the supposition that the first shall be answered in the affirmative.. As we are constrained to give a negative reply to the first question, there is no necessity of dealing with the second.

"Rape is the carnal knowledge of a female, forcibly and against her will." Penal Code (1910), § 93. "The crime of rape shall be punished with death, unless the defendant is recommended to mercy by the jury, in which case the punishment shall be the same as for an assault with intent to commit a rape." § 94. "An assault with intent to commit a rape shall be punished by imprisonment at hard labor in the penitentiary for not less than one year nor longer than twenty years." § 98. Section 1062 provides: "All felonies, except treason, insurrection, murder, manslaughter, assault with intent to rape, rape, sodomy, fœticide, mayhem, seduction, arson, burning railroad-bridges, train-wrecking, destroying, injuring, or obstructing railroads, perjury, false swearing, and subornation of perjury and false swearing, shall be punished by imprisonment and labor in the penitentiary for the terms set

forth in the several sections in this Code prescribing the punishment of such offenses; but on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, said crimes shall be punished as misdemeanors. If the judge trying the case sees proper, he may, in his punishment, reduce such felonies to misdemeanors." On July 31, 1918, an act of the General Assembly (Ga. L. 1918, p. 259) was approved, entitled, "An act to define and fix the age at which female children may lawfully consent to acts of sexual intercourse; to provide a punishment for a violation thereof; and for other purposes." Section 1 declares: "That from and after the passage of this act it shall be unlawful for any person to have sexual or carnal intercourse with any female child under the age of fourteen (14) years, unless such person shall have previously become lawfully married to such female child." Sec. 2 declares: "That any person violating the provisions of section 1 of this act shall be guilty of rape, and on conviction thereof shall be punished as prescribed by section 94 of the Penal Code of Georgia of 1910, unless the jury trying the cause shall recommend that the defendant be punished as for a misdemeanor, in which event the same shall be made the judgment and sentence of the court. Provided, however, that no conviction shall be had for said offense on the unsupported testimony of the female in question." Sec. 3 repeals "all laws and parts of laws in conflict with this act."

The crime of rape defined by this statute is expressly excluded from the list of felonies named in the Penal Code, § 1062, which could not, upon the recommendation of the jury, when approved by the judge, be punished as a misdemeanor. "Assault with intent to rape" is specifically included in that section as one of the felonies that can not be punished as a misdemeanor upon the recommendation of the jury, with the approval of the judge. The act of 1918 does not refer to the offense of assault with intent to rape; and therefore that offense necessarily remains as one of the felonies which, under section 1062, can not be punished as a misdemeanor. The words employed in the statute of 1918 are plain, explicit, and unequivocal in excluding the offense of rape, as therein defined, from the excepted felonies which could not be reduced to misdemeanors under the provisions of the Penal Code,

§ 1062. As was said by Nisbet, J., in *Neal* v. *Moultrie,* 12 *Ga.* 104, 110, " if the legislature does plainly and distinctly declare its intention, the act is not open to construction; it needs and can receive none. It stands self-interpreted, and courts have nothing to do but to enforce it. The exclusion of interpretation, where none is needed, may be stated to be, notwithstanding the absurdity which it involves, the first rule of construction." It may seem that no good reason appears why the General Assembly, in the act of 1918, should authorize a jury to recommend a misdemeanor punishment for one convicted of rape as defined by the act, and not give a jury the power to recommend a misdemeanor punishment in the case of a conviction of an assault with intent to rape, which is an essential element of the offense of rape. But it is not for the court to say, where the language of the statute is clear, that it shall be so construed as to embrace a case because no good reason can be assigned why it was not included in the statute. See 25 R. C. L. 972 et seq. As has been frequently announced, courts have nothing to do with the wisdom, policy, and expediency of the law. As above indicated, the question considered must be answered in the negative. Our decision is in accord with the ruling made in *Wade* v. *State,* 27 *Ga. App.* 650 (109 S. E. 511).

*All the Justices concur.*