*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

---

15376.   HESTER *v.* THE STATE.

BROYLES, C. J. 1. Where sequestration of the State's witnesses was requested by counsel for a defendant on trial for assault with intent to rape, and there were only two witnesses for the prosecution,—a 12-year old girl (the alleged victim), and her mother,—the judge did not abuse his discretion in allowing the mother, who was the prosecutrix, to remain in the court-room during the trial and to testify after her daughter had testified. See, in this connection, *Swain* v. *State*, 151 *Ga.* 375 (2) (107 S. E. 40), and citations.

2. "When the facts from which the inference of guilt or innocence is to be drawn are all established by direct proof, and only the intent with which the alleged criminal act was committed, or the degree of criminality, must be inferred, the trial judge, in the absence of a timely request, is not required to give in charge to the jury the usual rule applicable to circumstantial evidence, to the effect that if the proved facts are consistent with innocence, the defendant should be acquitted; this for the reason that every one is presumed to intend the natural and legitimate consequences of his acts." *Reddick* v. *State*, 11 *Ga. App.* 150 (3) (74 S. E. 901). Under this ruling, and the facts of the instant case, the failure of the court to charge upon the law of circumstantial evidence, in the absence of a timely and appropriate written request, was not error. The case of *Cooper* v. *State*, 2 *Ga. App.* 730 (3) (59 S. E. 20), relied upon by the plaintiff in error, is distinguished by its particular facts from the *Reddick* case and the case at bar.

3. "Under the provisions of the act of the General Assembly of Georgia, raising the 'age of consent' of female children to fourteen years (Ga. L. 1918, p. 259), the offense of an assault with intent to rape, when committed upon a female child over ten years old and under fourteen years of age, is not a reducible felony." *Atkins* v. *State*, 154 *Ga.* 540 (114 S. E. 878). Under this ruling there is no merit in the 3d special ground of the motion for a new trial.

6

4. The evidence authorized the verdict, and the overruling of the motion for a new trial was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 16, 1924.

Conviction of assault with intent to rape; from Laurens superior court—Judge Kent. December 4, 1923.

*W. A. Dampier,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.