CARTERSVILLE CANDLEWICK INC. *v.* HUIET,
Commissioner, etc.

No. 16338. NOVEMBER 18, 1948. REHEARING DENIED NOVEMBER 30, 1948.

*Clapp & Gaines* and *J. R. Pottle*, for plaintiff.

*Martin, Martin & Snow*, for person at interest, not party.

*Clifford Walker* and *J. Benton Evans*, for defendant.

GROVES, Justice. (After stating the foregoing facts.) ■ The plaintiff claims to have succeeded to the benefit-experience rating of Candlewick Yarn Mills, by reason of an amendment to section 7 (c) 7 (iv) of the Unemployment Compensation Law, passed by the General Assembly in 1943, which amendment provided in part: "That any corporation . . or other legal entity, who acquires by purchase, merger, consolidation, or other means, substantially all of the business or assets thereof, of any employer and who thereafter continues such acquired business, shall be deemed to be a successor to the predecessor from whom such business was acquired for purposes of section 7 of this act, and, if not already an employer prior to such acquisition, shall become an employer on the date of such acquisition. The successor shall succeed to the employment benefit-experience record of the predecessor." Ga. L. 1943, p. 614; Code, Ann. Supp. § 54-622 (7) (iv).

In order to determine the applicability of section 7 (c) 7 (iv) as thus amended, the definition of the word "employer" used therein becomes necessary. Section 19 (g) (1) of the act of 1937 is as follows: " 'Employer' means: (1) Any employing unit, which for some portion of a day, but not necessarily simultaneously, in each of 20 different weeks . . has or had in employment eight or more individuals (irrespective of whether the same individuals are or were employed in each such day." Ga. L. 1937, p. 841; Code, Ann. Supp., § 54-657 (g) (1).

In the first paragraph of section 19 (f), the term "Employing unit" as referred to in section 19 (g) (1), supra, is itself defined as follows: " 'Employing unit' means any individual or type of organization . . which has, or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State. All individuals performing services within this State for any employing unit, which maintains two or more separate establishments within this State, shall be deemed to be employed by a single employing unit for all the purposes of this Chapter."

The second paragraph of section 19 (f) is in part as follows: "Whenever any employing unit contracts with or has under it any

contractor or subcontractor for any work, which is part of its usual trade, occupation, profession, or business, unless the employing unit as well as each such contractor or subcontractor is an employer by reason of subsection (g) [Section 19] . . the employing unit shall for all the purposes of this Act be deemed to employ each individual in the employ of each such contractor or subcontractor."

It is in the interpretation of the last sentence of the first paragraph of section 19 (f) that the parties differ. The plaintiff contends that the separate establishments referred to in such sentence include only such establishments as employ less than eight individuals. The defendant Commissioner of Labor, and the trial judge (by overruling the motion for a new trial), construe such sentence to apply to each separate establishment even though it employs eight or more individuals.

It will be noted that the second paragraph of section 19 (f), providing that the employing unit shall be deemed to employ each individual in the employ of a contractor or subcontractor, makes an exception in cases where such contractor or subcontractor is itself an employer, but no exception is made in the sentence here being considered. When the first and second paragraphs of section 19 (f) are read and considered together, it seems clear that no exception was intended to be made in the first paragraph as to separate establishments which employed eight or more individuals.

To construe that sentence as claimed by counsel, would have the effect of adding the words, "unless such separate establishments employ eight or more individuals each," or words of similar import. The meaning of the sentence as written is plain, and it does not include the exception contended by counsel. It was a part of the original unemployment act of 1937, and was the law at the time of enactment of the acquisition statute in 1943. Had the legislature in passing the act of 1943 intended to make its provisions applicable in case of a transfer of less than substantially all of the business or assets of an employer, it could have easily so stated, as was done in the unemployment compensation law of the District of Columbia, which provides: "If the business of any employer is transferred in *whole or in part*, the transferee shall be deemed a successor for the purposes of this

section. . . The successor shall take over and continue the employer's account, including its reserve and all other aspects of its experience under this section, *in proportion to the pay roll or employees* assignable to the transferred business." (Italics added.) District of Columbia Code, Supp. VI, §§ 46-303 (7) (a), (c).

No contention being made by the plaintiff that it acquired substantially all of the business or assets of Candlewick Yarn Mills, it is unnecessary to consider the meaning of the term "substantially all," as used in the acquisition statute of 1943.

Since the first paragraph of section 19 (f), including the last sentence thereof, is plain and unambiguous, resort to rules of construction is in fact unnecessary. "If the legislature does plainly and distinctly declare its intention, the act is not open to construction; it needs and can receive none. It stands self-interpreted; and courts have nothing to do but to enforce it." *Neal* v. *Moultrie,* 12 *Ga.* 104, 110. "It is not for the court to say, where the language of the statute is clear, that it shall be so construed as to embrace a case because no good reason can be assigned why it was not included in the statute. . . As has been frequently announced, courts have nothing to do with the wisdom, policy, and expediency of the law." *Atkins* v. *State,* 154 *Ga.* 540, 542 (114 S. E. 878).

We conclude that the defendant Commissioner of the Department of Labor properly construed the first paragraph of section 19 (f), and that under such construction, and the acquisition statute of 1943, the assets and business of the Cartersville Division of Candlewick Yarn Mills, which division was acquired by the plaintiff in this case, constituted one of two separate establishments of a single employing unit, and was not itself an employer as defined in section 19 (g) (1), and therefore that the plaintiff was not entitled to the benefit-experience rating of the predecessor employer, Candlewick Yarn Mills, which as an employing unit under section (f), and as an employer under section 19 (g) (1), maintained and operated what were designated as the Cartersville and the Dalton Divisions; plaintiff having acquired only the assets and business of the Cartersville Division, which admittedly did not constitute "substantially all" of the business and assets of the employer, Candlewick Yarn Mills.

■ The portion of section 19 (f) of the Unemployment Compensation Act attacked by the petitioner is not unconstitutional for any reason assigned. The attacks on this provision assert in paragraph 19 (a) of count 2 of the petition: That it denies to petitioner equal protection of property "by imposing upon it a higher rate of contribution to the unemployment-compensation fund than successors in the same class who acquired the benefit-experience rating of their predecessors, and thereby tends to decrease petitioner's resale value while increasing its operating costs:" (b) that it denies due process of law to the petitioner, in that the language of said section raises "an 'irrebuttable presumption' of the fact that any employing unit which maintains two or more separate establishments within the State, regardless of the number of employees in each establishment, shall be classified as a single employing unit for the purposes of this act, and thereby petitioner's predecessor is arbitrarily and without recourse denied classification as an employer, and petitioner as a successor employer under section (g) of the act, in complete disregard to the facts in its particular case." As to paragraph 20—said provision violates the uniformity of taxation provision of the State Constitution, "in that it places upon petitioner a greater burden of contribution to the unemployment-compensation fund than is borne by its competitors in the same class who succeed under" the acquisition statute of 1943 "to the benefit-experience rating of a predecessor; said tax falling unequally upon contributors in petitioner's class according to the type of management of their predecessors in one case, and to the amount of assets acquired in another."

As to the allegations of paragraph 19 (a), it may be stated that successors who acquire the benefit-experience rating of their predecessors are not in the same class as petitioners. Such successors must acquire substantially all of the business, or assets thereof, of an employer. Thus the statement in that paragraph that a higher rate of contribution is imposed upon the petitioner than "successors in the same class" is not in accord with the facts in this case or the law. Consequently, the attack made in paragraph 19 (a) was without merit.

As to paragraph 19 (b)—no "presumption" whatever is created by the portion of section 19 (f) here under consideration. After

defining the term, "Employing unit," it provides that "all individuals performing services within this State for any employing unit which maintains two or more separate establishments within this State shall be deemed to be employed by a single employing unit for *all* the purposes of this act." Since this provision creates no presumption, the allegation that it is invalid because of raising an irrebuttable presumption is entirely without merit.

The attack made in paragraph 20 was substantially that section 19 (f) taxes the petitioner at a higher rate than others "in the same class who succeed to the benefit-experience rating of a predecessor." Since no one in the petitioner's class could succeed to the benefit-experience rating of a predecessor, this allegation can not be true, and consequently paragraph 20 does not show unconstitutionality of section 19 (f).

This court will not declare an act of the legislature unconstitutional unless the conflict between the act and the Constitution is clear and palpable. *Cooper* v. *Rollins,* 152 *Ga.* 588 (1) (110 S. E. 726, 20 A. L. R. 1105); *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795). It can not be held, as argued in the brief of counsel for the plaintiff, that the provision here attacked bears no reasonable relation to the object sought to be attained by the act. None of the following authorities, cited by counsel, require or would authorize a different conclusion from that here reached: *Woolworth Co.* v. *Harrison,* 172 *Ga.* 179 (156 S. E. 904); *American Bakeries* v. *Griffin,* 174 *Ga.* 115 (162 S. E. 513); *City of Newnan* v. *Atlanta Laundries,* 174 *Ga.* 99 (162 S. E. 497, 87 A. L. R. 507); *City of Douglas* v. *South Ga. Grocery Co.,* 180 *Ga.* 519 (179 S. E. 768, 99 A. L. R. 700).

Under the rulings made in divisions 1 and 2, the court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*