## 54184, 54185, 54186, 54187. SINGLETON v. THE STATE (four cases).

SMITH, Judge.

The appellant had a state court trial before a jury on four accusations, the first two charging him with simple battery, the other two each charging him with two counts of public indecency. He was found guilty of both simple battery charges and of one count of public indecency on each of the other two indictments. The appeal contends that the appellant's character was erroneously placed in issue, that the court unduly restricted appellant's counsel in cross examining a state witness and in directly examining the appellant, that the court erred in refusing to direct a verdict of acquittal on the public indecency charges, and that the court's charge to the jury was misleading and confusing. We agree with this last contention, and the judgments are reversed.

The substance of the accusations against the appellant was that he was the chief of police of a city police department and on several occasions over a period of months he made sexual advances toward two female officers in his department. The only evidence produced by the state was the testimony of the two officers.

1. On direct examination, each officer related how she learned that the other officer had allegedly been having the same type encounters with the appellant. We do not perceive how such revelations could have placed the appellant's character in issue. Moreover, each officer's explanation of how she became aware of the other officer's encounters later became highly relevant in light of the

appellant's contentions that the two officers had colluded in fabricating the charges. The trial court did not err in refusing to grant a mistrial on the basis of this evidence.

2. The transcript of the trial shows that the trial court was very sensitive to the issues and contentions of the parties, and that it exercised prudent discretion in limiting the questioning to relevant evidence. We find no merit in the contentions that the appellant was denied a thorough cross examination of adverse witnesses or that he was denied opportunity to present relevant evidence in his behalf.

3. Under Code § 26-2011, a conviction for public indecency must be based upon specified acts committed in a "public place," which is defined by Code § 26-401(m) as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." Whether an act has been committed in a public place is a jury question. *White v. State,* 138 Ga. App. 470 (226 SE2d 296). The appellant, contending there was no evidence introduced to support a conclusion that the alleged acts of indecency were committed in a public place, moved for a directed verdict. Denial of the motion was not error. The jury was instructed that it must find that the acts were committed in a public place, as above defined. There was evidence from which the jury could have concluded that the places within the public safety building where the acts of indecency allegedly occurred were places where other persons reasonably might see such acts. Significantly, the appellant was found "not guilty" of charges based upon acts which allegedly occurred within his office with the doors closed.

4. The appellant enumerates as error the portion of a charge to the jury which included the following statement: ". . . therefore, evidence of previous crimes of the same character and of similar crimes committed on the same occasion as the crime charged is admissible to show the lustful disposition of the defendant *and to corroborate the testimony of the victim* as of the act charged. . ." (Emphasis supplied.) This charge was not adjusted to the evidence and it did not accurately state the law applicable to the evidence in this case. There was *no*

evidence of any independent criminal acts committed by the appellant, other than those for which he was standing trial. And the only evidence of those crimes came from the victims themselves, with the exception that each victim testified that she *had heard* of the alleged crimes against the other victim. From the portion of the charge, the jury may well have concluded that what Victim A heard about crimes against Victim B would corroborate Victim B's testimony, and vice versa. If so, then each victim's testimony was being corroborated by the rankest hearsay, wholly devoid of probative value. E.g., *Burke v. State,* 54 Ga. App. 225 (187 SE 614).

To understand the danger inherent in this charge, and thus to comprehend the manifest error in giving it, one must appreciate the nature of the evidence introduced to the jury. The *only* evidence concerning any acts of battery or public indecency with Victim A came from Victim A's own account of the incidents. The *only* evidence of any acts of battery or public indecency involving Victim B came from Victim B's own account of the incidents. Standing in opposition to this evidence is little more than the appellant's assertion that he did not do any of the acts charged. As we see it, the evidence in this case authorized the verdict, to be sure, but it was very closely balanced. It seems probable that the jury may have relied upon this hearsay "corroboration" in resolving the ultimate question whether the crimes had been proved beyond a reasonable doubt. For this reason, the error in the charge was harmful and we must reverse the conviction.

Since a retrial appears likely, we note that the evidence concerning when or how one victim heard of similar alleged incidents with the other victim may be relevant for the purpose of disproving allegations that the two victims have colluded against the appellant. In such case, the content of what the victim may have heard is not important, or, as the Code puts it, the value of the victim's testimony does not rest "mainly on the veracity and competency of other persons." Code § 38-301. On the other hand, if one victim's recollection of when or how she learned of other incidents is used to help corroborate the other victim's account of those same incidents, then the

value of that testimony rests *completely* on the veracity and competency of other persons, and the testimony, for that purpose, is inadmissible hearsay.

Finally, the charge complained of also included the following language: "I charge you members of the jury that if you find from the evidence and you find any evidence on this subject matter in this case that the offense the defendant is charged with took place at the same time and was a part of the same transaction with which the defendant is charged, the separate act so committed in time and so similar in their relationship, motive, intent and state of mind may be reasonably inferred where the act clearly interwoven and linked with the facts of the crime charged." We do not profess to know exactly what the court was trying to say, and since we are reversing the case on other grounds we will not hazard a guess of what effect it may have had upon the jury. However, it seems certain that on retrial the same charge will not be delivered.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED JUNE 27, 1977 — DECIDED OCTOBER 3, 1977.

*Robert J. Reed,* for appellant.
*Douglas E. Smith, Solicitor,* for appellee.