76569. MOSLEY v. THE STATE.
(369 SE2d 345)

BANKE, Presiding Judge.

The appellant was convicted of one count of cruelty to children and one count of child molestation. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in refusing to grant him a continuance following the state's disclosure, immediately prior to trial, that the offense charged in one of the counts of the indictment had in fact occurred seven days earlier than the date alleged in the indictment. Although the court responded by severing that count, the appellant nevertheless maintains that he was entitled to a continuance because the court's action prevented him from presenting an alibi defense which was pertinent to the remaining counts as well as the severed count.

Broad discretion is granted trial courts with regard to continuances. *Beard v. State*, 178 Ga. App. 265, 266 (342 SE2d 751) (1986).

An appellate court will not interfere with the exercise of that discretion unless a clear abuse is shown. *Gaines v. State*, 142 Ga. App. 181 (1) (235 SE2d 640) (1977). The record before us contains no support for the appellant's assertion that he was prevented by the denial of his motion for continuance from presenting evidence relevant to the charges for which he was actually tried. It follows that no abuse of discretion has been established in this case.

2. The appellant further contends that the trial court erred in refusing to charge the jury on simple battery as a lesser offense included within child molestation. The appellant's position at trial was that he had engaged in no physical contact whatever with the child, sexual or otherwise. Therefore, there was no evidentiary basis for a charge on simple battery. Accord *State v. Stonaker*, 236 Ga. 1, 2-3 (222 SE2d 354) (1976).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED MAY 5, 1988.

*Jack E. Carney, Jr.*, for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.