## A90A1073. BROOKS v. THE STATE.
### (397 SE2d 622)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of child molestation. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The trial court's refusal to charge on simple battery as a lesser included offense is enumerated as error.

There is some confusion in the cases as to whether it *is* possible for simple battery to be an included offense in child molestation *as a matter of fact* or whether, *as a matter of law*, it is *not* possible for simple battery to be such a lesser included offense of the crime of child molestation. In *State v. Stonaker*, 236 Ga. 1, 2-3 (222 SE2d 354) (1976), the Supreme Court held: *"Under the facts of this case we*

hold that simple battery as defined in [OCGA § 16-5-23] is not a lesser crime included in the crime of child molestation as defined in [OCGA § 16-6-4]." (Emphasis supplied.) See also *McCord v. State*, 248 Ga. 765, 766-767 (285 SE2d 724) (1982); *Conejo v. State*, 189 Ga. App. 14, 17 (3) (374 SE2d 826) (1988); *Mosley v. State*, 187 Ga. App. 70, 71 (2) (369 SE2d 345) (1988); *Massengale v. State*, 164 Ga. App. 57, 58 (3) (296 SE2d 371) (1982). However, *State v. Stonaker*, supra, has subsequently been cited for the very different and much broader proposition "that simple battery is not, *as a matter of law*, a lesser crime included in the crime of child molestation. . . ." (Emphasis supplied.) *Griffith v. State*, 188 Ga. App. 789, 790 (374 SE2d 359) (1988). See also *Houston v. State*, 189 Ga. App. 61, 63 (3) (375 SE2d 239) (1988); *Giles v. State*, 143 Ga. App. 558 (2) (239 SE2d 168) (1977).

While recognizing the existence of this confusion, we nevertheless need not use the instant case as the vehicle for resolving it. Even if simple battery *can* be an included offense in child molestation as a matter of fact, it was *not* error to refuse to give appellant's request. The victim testified to appellant's commission of acts of fondling which, if believed by the jury, would clearly show that he had committed the crime of child molestation. Appellant was the sole defense witness and nothing in his testimony would authorize a finding that he had committed the crime of simple battery rather than child molestation. Appellant's testimony ranged from an outright denial that he had committed the acts of fondling to an admission that he did not really remember the events because of his intoxication and, although he may have committed the acts of fondling, he did not believe that he had. Under this testimony, appellant either committed an act of child molestation or he did not. His testimony would not show that he had merely made physical contact of an insulting or provoking nature with the victim rather than fondling her with the intent to arouse or satisfy his sexual desires. Compare *Conejo v. State*, supra. Accordingly, it was not error to refuse to give the requested instruction. *Mosley v. State*, supra; *Massengale v. State*, supra.

2. The trial court did not err in admitting into evidence a pornographic book over the objection that the State had made an insufficient showing that it belonged to appellant. Although appellant was not the sole occupant of the apartment where the book had been found, the evidence showed that he did occupy the downstairs area and that the book was located in a downstairs closet in a box which contained some of appellant's possessions. Since appellant was not on trial for possession of the book, the State did not have to prove appellant's possession beyond a reasonable doubt. See *Evans v. State*, 238 Ga. 254, 255 (3) (232 SE2d 533) (1977). "A review of the transcript convinces us that there was sufficient foundation for the introduction

of [the book] in evidence, and the weight or persuasive value of this evidence was within the domain of the jury." *Grantling v. State*, 229 Ga. 746, 747 (2) (194 SE2d 405) (1972). "The evidence objected to was clearly admissible, not merely to show the intent to commit the [crime] charged here, but to show [appellant's] motive generally and his state of mind and lustful disposition. [Cit.]" *Stamey v. State*, 194 Ga. App. 305, 307 (2) (390 SE2d 409) (1990).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1990.

Michael Greene, for appellant.

Thomas C. Lawler III, District Attorney, Donald L. Johstono, Debra K. Turner, Assistant District Attorneys, for appellee.