## A91A1694. FREEMAN v. THE STATE.
### (413 SE2d 774)

BIRDSONG, Presiding Judge.

Ronnie Dean Freeman was indicted on three counts of child molestation and one count of cruelty to children. He appeals from his conviction of two counts of child molestation. *Held*:

1. Appellant contends that the trial court erred in denying his motions for directed verdict of acquittal and for new trial on the general grounds, as the quantum of evidence was insufficient to authorize a rational trier of fact to convict him of the two counts of child molestation beyond a reasonable doubt.

The evidence presented by the State showed that in 1988 and 1989 appellant resided in Braselton, Georgia, with his second wife, where his 12-year-old daughter from his first marriage visited him. In the summer of 1988 a school friend of his daughter (aged 13) spent the weekend there. The friend testified that late Saturday night appellant came into the room where the two girls were sleeping and began touching her on her "bottom private place," first outside then inside her panties. When she tried to awaken appellant's daughter he told her to go back to sleep, he was just checking on them, and left.

About September of 1989, another friend (aged 12) spent the weekend with appellant's daughter in appellant's house. The two girls were sleeping on a mattress on the living room floor when the friend was awakened by hearing a "nasty movie" playing on the television. Appellant came over and picked up her hand and placed it on his penis. The victim did not actually see appellant, but testified that he was the only man in the house. She told her older sister about the incident and her sister advised her to tell their mother, but she did

not do so immediately. However, her sister later confronted her about it and she confided in her mother, who reported it to investigator Vickie Underwood of the Jackson County Sheriff's Office. When the first victim learned that other girls had reported similar incidences, she also contacted Investigator Underwood, who interviewed both victims. Appellant denied all charges against him stemming from the investigation.

" 'The direction of a verdict of acquittal is proper only where "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal." (Cits.) If there is any evidence of guilt, it is for the jury, rather than the court, to decide whether the evidence is sufficient to sustain a conviction. (Cit.)' [Cit.]" *Hall v. State*, 200 Ga. App. 244, 245 (407 SE2d 470). "It is well settled that the appellate court assesses the sufficiency of competent evidence and not its weight. [Cit.] Our review of the record shows that the evidence adduced was more than sufficient to authorized the rational trier of fact to find appellant guilty as charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Rose v. State*, 195 Ga. App. 399, 400 (1) (393 SE2d 459); compare *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889) (applying the *Jackson v. Virginia* test where sufficiency of evidence is challenged by a motion for directed verdict).

2. Appellant assigns error in the trial court's refusal to instruct the jury on the law of simple battery upon written request, as the allegations of the indictment and the evidence presented at trial demanded such a charge. We do not agree. "Even if simple battery *can* be an included offense in child molestation as a matter of fact, it was *not* error to refuse to give appellant's request. The victim[s] testified to appellant's commission of acts . . . which, if believed by the jury, would clearly show that the he had committed the crime of child molestation. . . . [N]othing in his testimony [nor that of the other defense witnesses] would authorize a finding that he had committed the crime of simple battery rather than child molestation. . . . Under this testimony, appellant either committed [the acts] of child molestation or he did not. His testimony would not show that he had merely made physical contact of an insulting or provoking nature with the victim[s] rather than fondling [them] with the intent to arouse or satisfy his sexual desires. Compare *Conejo v. State*, [189 Ga. App. 14, 17 (3) (374 SE2d 826)]. Accordingly, it was not error to refuse to give the requested instruction. [Cits.]" *Brooks v. State*, 197 Ga. App. 194, 195 (1) (397 SE2d 622).

3. Appellant asserts that the trial court erred by instructing the jury that all witnesses are presumed to speak the truth, and the jury should reconcile any conflict in the evidence, if possible, to make

them speak the truth. "The charge that witnesses are presumed to speak the truth is not unconstitutionally burden-shifting, when the judge instructs the jury as to how the presumption of credibility may be overcome and gives explicit instructions on the presumption of innocence and the state's burden of proving guilt beyond a reasonable doubt. [Cit.]" *O'Donnell v. State*, 258 Ga. 782, 783 (2) (374 SE2d 729). The trial judge fully and explicitly charged the jury on the defendant's presumption of innocence, the State's burden of proving guilt beyond a reasonable doubt and how the presumption of credibility may be overcome. Having met the *O'Donnell* requirements, there was no error.

4. Appellant complains that the trial court erroneously allowed testimony from a victim's mother and Investigator Underwood relating statements made to them by the victims, without first holding a voir dire outside the presence of the jury to determine if the statements were competent because they possessed some indicia of reliability under OCGA § 24-3-16. " 'The Georgia Supreme Court, in *Reynolds v. State*, 257 Ga. 725 (2) (363 SE2d 249), decided this issue adversely to appellant, by holding that "OCGA § 24-3-16 does not require a hearing to determine 'indicia of reliability' be held prior to receiving the testimony . . . (and) we cannot say that failure to do so in this case was error. . . ." The trial (court) is presumed to know the law (cit.) and presumed to "faithfully and lawfully (perform) the duties devolving upon it by law." (Cit.) Hence, implicit in any ruling by a trial court is that (it) made the necessary finding of admissibility before admitting such evidence.' [Cit.]" *In the Interest of D. R. C.*, 198 Ga. App. 348, 349-350 (2) (401 SE2d 754). Accord *Hurst v. State*, 198 Ga. App. 380 (1) (401 SE2d 348); compare *Gregg v. State*, 201 Ga. App. 238, 239 (3a) (411 SE2d 65).

5. Contrary to appellant's arguments, the victims' out-of-court statements to these two witnesses were also properly admitted in evidence under OCGA § 24-3-16 because the victims were available to testify and did testify at trial. *Reynolds v. State*, supra; *Howard v. State*, 200 Ga. App. 188, 190 (4) (407 SE2d 769).

6. Appellant contends that the trial court failed to read any allegation of the grand jury contained in the indictment to show where the alleged crimes occurred and, as venue is an essential part of the State's case, omitting this allegation in the charge to the jury was reversible error. Appellant cites no authority for this assertion, and the evidence was undisputed that the alleged molestations took place in appellant's residence in Jackson County. Since defense counsel admitted at trial that the court had instructed the jury they must find that the offenses had occurred in Jackson County in order to convict, we conclude that if there was any error it was harmless.

7. Appellant's enumeration of error concerning the refusal of the

trial court to sever the counts of the indictment for trial must also fail, as "the offenses charged . . . were obviously related in that [all four] involved sexual misconduct directed by the appellant against [friends of his daughter's] at a time when all of them were [visiting] under the same roof. Under such circumstances, even had the appellant been tried separately on each of these charges, evidence of the other offense[s] would have been admissible to establish his lustful disposition and state of mind. [Cits.] It follows that these charges were properly joined in the same indictment and that the trial court was not required to sever them for trial. [Cit.]" *Thompson v. State*, 181 Ga. App. 163, 165 (351 SE2d 483). Accord *Stinson v. State*, 197 Ga. App. 687 (1) (399 SE2d 278). We find no grounds for reversal.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED NOVEMBER 22, 1991 —
RECONSIDERATION DENIED DECEMBER 4, 1991.

*N. David Wages*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.