A92A1970. RASH v. THE STATE.
(428 SE2d 799)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of child molestation. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant enumerates the general grounds.

The victim testified that appellant had fondled her breasts and had tried to kiss her. The victim's parents and an investigating officer

testified that she had recounted the same story to them. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). There was evidence that appellant had previously molested another child by fondling her breasts. Appellant presented no evidence in his defense.

" 'From these facts it can be inferred that the appellant committed those acts in order to satisfy his own sexual desires. This was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant had committed the offense of child molestation. [Cits.]' [Cit.]" *Grant v. State*, 193 Ga. App. 178 (387 SE2d 408) (1989). See also *Salley v. State*, 199 Ga. App. 358 (1) (405 SE2d 260) (1991); *Baine v. State*, 181 Ga. App. 856, 857 (1) (354 SE2d 177) (1987).

2. The admission of the evidence of appellant's commission of the similar offense is enumerated.

"[T]he State introduced . . . the . . . prior . . . [offense] through testimony of the victim . . . and . . . the investigating officer. . . ." *Henderson v. State*, 204 Ga. App. 884, 887 (2) (420 SE2d 813) (1992). Contrary to appellant's contentions, the record demonstrates that the State *did* "inform the trial court of the purpose for which the evidence was being offered and, therefore, it was [possible] for the trial court to make the essential preliminary determination as to whether the [S]tate was introducing the evidence for an appropriate purpose." *Williams v. State*, 261 Ga. 640, 643 (2d) (409 SE2d 649) (1991). Appellant likewise erroneously contends "that the prior offense . . . was insufficiently similar to the present offense to be relevant. . . . In a child molestation case, ' "(t)he sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible." (Cit.)' [Cit.]" *Smith v. State*, 193 Ga. App. 196, 198 (5) (387 SE2d 571) (1989). See also *Rodgers v. State*, 261 Ga. 33, 35 (3) (401 SE2d 735) (1991). Appellant's further contentions "that the span of ten years [between the two offenses] renders the [prior offense] dissimilar to the [crime] charged [is also without merit]. As our Supreme Court recently stated in *Gilstrap v. State*, 261 Ga. 798, 799 [(1b)] (410 SE2d 423) (1991), 'Where "similar transaction" evidence has been admissible otherwise, lapses of time of 11 years ([cit.]) and of 19 years ([cit.]) have not demanded that the evidence was inadmissible.' Accordingly, a lapse of ten years in this case does not render the evidence inadmissible." *Stephens v. State*, 205 Ga. App. 403, 404 (1) (422 SE2d 275) (1992).

3. In closing argument, counsel for the State stated that "the purpose of showing [the prior offense] is to show the lustful disposition of [appellant], but beyond that, *to corroborate [the victim].*" (Emphasis supplied.) This argument prompted a motion for mistrial, the denial of which appellant enumerates as error.

It is well-settled that "[i]n crimes involving sexual offenses, evi-

dence of similar previous transactions is admissible to show the lustful disposition of the defendant *and to corroborate the victim's testimony.* [Cit.]" (Emphasis supplied.) *Kilgore v. State*, 195 Ga. App. 884, 885 (2) (395 SE2d 337) (1990). Thus, there was no error in the trial court's denial of appellant's motion for mistrial. Compare *Singleton v. State*, 143 Ga. App. 387, 388 (4) (238 SE2d 743) (1977).

4. Over objection, a "book-in" photograph of appellant taken in conjunction with his arrest for the prior offense was admitted into evidence as probative of his identity as the perpetrator of that prior offense. Appellant urges that the photograph was inadmissible because his identity as the perpetrator of the prior offense had already been proven.

" 'Photographs which are material and relevant to any issue are admissible even though they may be *duplicative* and inflame the jury.' [Cit.]" (Emphasis supplied.) *Harris v. State*, 260 Ga. 860, 864 (5) (401 SE2d 263) (1991). The photograph of appellant was relevant and admissible to prove his identity as the perpetrator of the prior offense. Compare *Roundtree v. State*, 181 Ga. App. 594 (353 SE2d 88) (1987).

5. Appellant enumerates as error the trial court's refusal to give a requested charge on the law of circumstantial evidence.

"[W]here the [S]tate's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) (1991). The only evidence which was arguably circumstantial is that regarding appellant's commission of the prior offense. This was certainly direct evidence of appellant's perpetration of the prior offense, but appellant urges that it was only circumstantial evidence of his intent to commit the instant crime of child molestation. However, even assuming that to be true, the "prior offense" evidence was merely cumulative. The direct evidence, standing alone, was sufficient to prove appellant's commission of a prohibited act with the requisite intent. See *Grant v. State*, supra. Moreover, the direct evidence of appellant's guilt was overwhelming. Compare *Robinson v. State*, supra. "[N]o new trial is required for failure to charge [on circumstantial evidence] where the case is not close or doubtful and the charge on reasonable doubt is full and fair. [There is] yet another reason for not reversing this case for failure to charge the law [of circumstantial evidence]. That is, no other reasonable hypothesis save that of the guilt of the accused has been suggested. Should the case be retried so a jury can hear those words when no other reasonable hypothesis has been offered? Our answer is in the negative." *Germany v. State*, 235 Ga. 836, 843-844 (2) (221 SE2d 817) (1976). See also *Playmate Cinema v. State*, 154 Ga. App. 871, 872 (2) (269 SE2d 883) (1980). "In view of the overwhelming [direct] evidence of the ap-

pellant's guilt . . ., we find it 'highly probable that [any] error did not contribute to the judgment.' [Cit.]" *Howard v. State*, 202 Ga. App. 574, 576 (415 SE2d 45) (1992).

6. Appellant requested charges on simple assault, simple battery and sexual battery as lesser included offenses. The trial court's refusal to give these charges is enumerated as error.

Assuming, without deciding, that it is *ever* possible for simple assault, simple battery or sexual battery to be a lesser included offense of child molestation, it was not error to refuse to give appellant's requests to charge in the instant case. The *undisputed* evidence of record shows that appellant committed the crime of child molestation by fondling the victim with the requisite intent. *Brooks v. State*, 197 Ga. App. 194, 195 (2) (397 SE2d 622) (1990).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 19, 1993 —
RECONSIDERATION DENIED MARCH 3, 1993 — ▮▮▮▮▮▮▮▮

*Alden W. Snead*, for appellant.

*David McDade, District Attorney, Lois W. Gerstenberger, Assistant District Attorney*, for appellee.