A93A0777. MIMS v. THE STATE.
(434 SE2d 832)

</div>

BLACKBURN, Judge.

The appellant, Arnold Mims, was tried before a jury and convicted of molesting his 13-year-old cousin. On appeal, he contends that the trial court erred in failing to give certain requested jury instructions.

At trial, the 13-year-old victim testified that around midnight on June 27, 1992, she was in her mother's bedroom watching television. Her cousin, the defendant, entered the room, sat down in front of the television, and annoyed her by repeatedly hitting her on the back. As the victim attempted to move away, the defendant grabbed both of her hands and held them behind her back, and covered her mouth with one of his hands. He then put his tongue in her mouth and "kept on kissing" her. When the defendant eventually released her hands, the victim immediately started hitting him in the face. In response, the defendant forced his hand inside the victim's shorts and stuck one finger in her vagina. The victim continued to strike the defendant, finally managed to push away from him, and ran out of the room.

The victim immediately told her brother what happened, and also told her stepfather who was awakened by the commotion. The defendant subsequently gave a custodial statement in which he remembered touching the victim, but not how he had touched her. He also explained the presence of a scratch under his left eye, as occurring while he was trying to hold the victim down. Other evidence adduced at trial showed that the defendant had been drinking on the night in question, and that the victim was upset and the defendant was crying when the police arrived.

1. The testimony of the victim in this case was sufficient to authorize a rational trier of fact to find Mims guilty of child molestation beyond a reasonable doubt. *Saunders v. State*, 195 Ga. App. 810 (1)

(395 SE2d 53) (1990). In view of this evidence, the trial court did not err in failing to give Mims's requested charge on simple battery as a lesser-included offense of the crime of child molestation. "Under this testimony, [Mims] either committed an act of child molestation or he did not. His testimony would not show that he had merely made physical contact of an insulting or provoking nature with the victim rather than fondling her with the intent to arouse or satisfy his sexual desires. [Cit.] Accordingly, it was not error to refuse to give [this] requested instruction, [cits.]" *Brooks v. State*, 197 Ga. App. 194, 195 (1) (397 SE2d 622) (1990). See also *Freeman v. State*, 202 Ga. App. 185, 186 (2) (413 SE2d 774) (1991).

2. Based upon the above evidence, almost all of which constituted direct evidence, the defendant requested a jury charge on the general law of circumstantial evidence as codified at OCGA § 24-4-6. That Code section provides that *"[t]o warrant a conviction on circumstantial evidence*, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Emphasis supplied.) This statute represents a codification of the rule requiring a charge on circumstantial evidence where the state's case depends *entirely* upon circumstantial evidence, derived from *Martin v. State*, 38 Ga. 293 (1868); *Carter v. State*, 46 Ga. 637 (1872); and *Simmons v. State*, 85 Ga. 224 (11 SE 555) (1890), which were such cases.

Based upon the three cases from which OCGA § 24-4-6 and its predecessor statutes were derived, it was originally intended to apply only to those cases that were based *entirely upon circumstantial evidence*. Subject to certain exceptions, subsequent cases held that the general rule is that unless the evidence relied upon for the conviction is entirely circumstantial, a jury charge under OCGA § 24-4-6 is not required. "Where, as here, there is some direct evidence against the defendant, it is not error to fail to charge on circumstantial evidence." *Terrell v. State*, 258 Ga. 722 (373 SE2d 751) (1988).

However, the Supreme Court has held that "if the only direct evidence comes from a witness who has been impeached, it is reversible error to fail to charge on circumstantial evidence *upon request*." (Emphasis in original.) *Whittington v. State*, 252 Ga. 168, 176 (313 SE2d 73) (1984); *Horne v. State*, 93 Ga. App. 345 (4) (91 SE2d 824) (1956). The theory underlying this rule was that where both direct and circumstantial evidence of the defendant's guilt is admitted, and the jury is authorized to find that all the direct evidence in the form of witness testimony, has been impeached, the jury is left to determine the guilt or innocence of the defendant based solely on the circumstantial evidence, and therefore must have some guidance on the quantum of circumstantial evidence which will authorize a conviction. See *Green v. State*, 167 Ga. App. 548 (306 SE2d 354) (1983).

The Supreme Court noted in *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), that it was impossible to determine whether the jury found the state's witnesses had not been impeached and thus based its verdict on the direct evidence, or whether the jury found that the state's witnesses *had* been impeached and thus based its verdict on circumstantial evidence (giving rise to a need for a jury charge on circumstantial evidence). To avoid such problems in the future, the Supreme Court devised the following rule: "[W]here the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given *on request*. This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." (Emphasis supplied.) Id. at 699-700.

The questions which must be answered in applying *Robinson*, are: *what* is the meaning of the word "depends" as used therein, and what charge on circumstantial evidence must be given, where a charge is required? It is only where the state's case "depends" upon circumstantial evidence that such a jury charge becomes necessary. The state's case "depends" upon circumstantial evidence *only where such evidence is necessary to prove one of the essential elements of the offense* for which the defendant is on trial. See *Rash v. State*, 207 Ga. App. 585 (5) (428 SE2d 799) (1993).

*Robinson* by no means requires a jury charge on the law of circumstantial evidence in every case in which some circumstantial evidence is adduced. See, e.g., *Berry v. State*, 262 Ga. 614 (422 SE2d 861) (1992), wherein the Supreme Court, citing *Robinson*, found no error in the trial court's refusal to give a requested jury charge on circumstantial evidence that was not properly adjusted to the evidence in the case.

If the state had depended on a mixture of direct and circumstantial evidence to prove essential elements of the offense, no charge on circumstantial evidence would have been required absent *a proper request to charge the law on circumstantial evidence adjusted to the facts of the case.* There was no independent duty on the court to create and give a proper charge on circumstantial evidence, adjusted to the evidence of the case. It is only where the state relies wholly on circumstantial evidence that a charge on circumstantial evidence must be given *without request. Gentry v. State*, 208 Ga. 370 (66 SE2d 913) (1951); *Campbell v. State*, 202 Ga. 705 (44 SE2d 903) (1947). This rule has not been changed by *Robinson*.

Inasmuch as OCGA § 24-4-6, as written, applies only to cases in which the state depends entirely upon circumstantial evidence and the subject case involves a mixture of direct and circumstantial evidence, it was not error for the court to refuse to charge said Code section. Indeed, to have done so, would have misled the jury as OCGA

§ 24-4-6 provides, in part, "[t]o warrant *a conviction on circumstantial evidence, . . . .*" (emphasis supplied) while the *direct evidence* in the instant case was *sufficient to convict* the defendant. Thus, the charge requested by the defendant was not adjusted to the evidence of this case (a mixture of direct and circumstantial evidence) and the court properly refused to give same. "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." *Harris v. State*, 202 Ga. App. 618 (414 SE2d 919) (1992); *Hill v. State*, 259 Ga. 557 (3b) (385 SE2d 404) (1989).

Under OCGA § 16-6-4 (a), "[a] person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." In the instant case, the victim's testimony and the defendant's custodial statement constituted direct evidence which, standing alone, was sufficient to establish the defendant's commission of this offense beyond a reasonable doubt. The circumstantial evidence presented in the case corroborated that direct evidence, but the state did not depend thereon to prove any of the essential elements of the offense of child molestation. Where the direct evidence alone suffices to establish the charged offense, and any circumstantial evidence is merely cumulative, no jury charge on circumstantial evidence is required even under *Robinson. Rash v. State*, supra.

In summary, the rule regarding a jury charge on circumstantial evidence set forth in *Robinson v. State*, supra, applies only where the state relies upon such evidence to prove one of the essential elements of the offense for which the defendant is on trial. The limited quantity of circumstantial evidence adduced in the instant case was not used or needed for that purpose, and thus no jury charge on circumstantial evidence was required under *Robinson v. State*, supra.

The current status of the law concerning charging the jury on circumstantial evidence can be stated as follows: (1) Where the state *relies wholly* on circumstantial evidence to prove its case a charge on circumstantial evidence as provided by OCGA § 24-4-6 is required, *without request* from the defendant; (2) Where the state *relies on* a mixture of *direct and circumstantial evidence* to prove essential elements of the charged offense, a proper charge on circumstantial evidence adjusted to the fact of there being mixed direct and circumstantial evidence is required, *upon proper request*, without regard to whether or not the state's witnesses may have been impeached.

Moreover, as this court noted in *Rash v. State*, supra at 587, "there is yet another reason for not reversing this case for failure to charge the law of circumstantial evidence. That is, no other reasona-

ble hypothesis save that of the guilt of the accused has been suggested. Should the case be retried so a jury can hear those words when no other reasonable hypothesis has been offered? Our answer is in the negative." (Citations and punctuation omitted.)

Taken to its logical conclusion, in arguing that the rule set forth in *Robinson v. State*, supra, must always be applied when the state uses circumstantial evidence to establish criminal intent, the dissent's position would require instructing the jury on the law of circumstantial evidence in every criminal case in which the defendant does not admit criminal intent. Proof of criminal intent, by its nature, must rely "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. " 'Sometimes the intention can be proved, sometimes it can only be inferred or presumed. . . .' " *Mallette v. State*, 119 Ga. App. 24, 27 (165 SE2d 870) (1969).

However, "[w]hen the facts from which the inference of guilt or innocence is to be drawn are all established by direct proof, and only the intent with which the alleged criminal act was committed, or the degree of criminality, must be inferred, the trial judge, in the absence of a timely request, is not required to give in charge to the jury the usual rule applicable to circumstantial evidence, to the effect that if the proved facts are consistent with innocence, the defendant should be acquitted; this for the reason that every one is presumed to intend the natural and legitimate consequences of his acts." *Reddick v. State*, 11 Ga. App. 150 (3) (74 SE 901) (1912); *Hester v. State*, 32 Ga. App. 81 (2) (122 SE 721) (1924).

*Reddick* and *Hester* indicate that the focus should be on the nature of the evidence used to show criminal intent. Where criminal intent may be demonstrated by direct evidence of the defendant's commission of an offense, rather than by purely circumstantial evidence of such, there is no requirement to give the standard jury charge on circumstantial evidence codified at OCGA § 24-4-6. This is consistent with the long-standing rule that where there is some direct evidence against the defendant, it is not error to fail to charge on circumstantial evidence. See *Terrell v. State*, supra.

This court has already decided this issue, contrary to the dissent's position, in *Rash v. State*, supra, wherein the defendant contended that the trial court erred in not giving a requested charge on circumstantial evidence because such (in the form of proof of his commission of a prior act of child molestation) was used to prove his criminal intent in his present prosecution. In response to that contention, we held that "even assuming that to be true, the 'prior offense' evidence was merely cumulative. The direct evidence, standing alone, was sufficient to prove appellant's commission of a prohibited act with the requisite intent." Id. at 587.

In *Johnson v. State*, 209 Ga. App. 632 (434 SE2d 169) (1993), we rejected the defendant's contention that the trial court erred in failing to give a requested charge on the law of circumstantial evidence, which was used to show criminal intent. This court's basis for rejecting that contention in *Johnson* was that the trial court's standard jury charge on criminal intent, coupled with the instructions on presumption of innocence and the state's burden of proof, substantially covered the same principle contained in OCGA § 24-4-6.

Review of the record in the instant case reveals that the trial court instructed the jury that "[i]ntent is an essential element of any crime and must be proved by the state beyond a reasonable doubt. A person will not be presumed to act with criminal intent but the jury may find such intention or the absence thereof upon a consideration of words, conduct, demeanor, motive and other circumstances connected with the act for which the accused is being prosecuted." This is essentially the same charge on criminal intent as given in *Johnson*. Inasmuch as the trial court in the instant case also gave the standard jury charges on presumption of innocence and the state's burden of proof, the same combination of jury charges exists in this case as in *Johnson*, and we conclude that the trial court's jury charge in this case also substantially covered the same principle contained in OCGA § 24-4-6.

3. Mims' remaining enumeration of error is without merit.

*Judgment affirmed. Pope, C. J., Beasley, P. J., Cooper and Johnson, JJ., concur. McMurray, P. J., Birdsong, P. J., and Andrews, J., concur specially. Beasley, P. J., also concurs specially. Smith, J., dissents.*

BEASLEY, Presiding Judge, concurring specially.

I fully concur in Divisions 1 and 3. As to Division 2, I agree that the court did not err in refusing to give the requested charge on circumstantial evidence. It was not adjusted to the evidence in this case, which was dependent on both direct and circumstantial evidence, the latter to corroborate and strengthen the direct evidence. The court did charge on the definitions of direct and circumstantial evidence and illustrated both. The charge as requested conveyed the notion that all of the evidence was circumstantial, which was not accurate. The court was not required to reframe the requested charge to accommodate the actual body of evidence.

It is for that reason that I concur in the holding that the rejection of the requested charge was not error. *Harris v. State*, 202 Ga. App. 618 (414 SE2d 919) (1992). I do not join in the majority's additional discussion of this issue.

ANDREWS, Judge, concurring specially.

The State's case was based on direct and circumstantial evidence. Accordingly, under *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) (1991), "a charge on the law of circumstantial evidence must be given on request." The requested charge on circumstantial evidence, which the trial court refused to give, properly stated the law, was adequately adjusted to the evidence, and should have been given by the trial court. Nevertheless, I believe the error was harmless because, given the direct eyewitness testimony of the victim, and Mims' incriminating statement to the investigator, compared with the secondary weight of the remaining circumstantial evidence, it is highly probable the erroneous refusal to give the charge did not contribute to the jury's guilty verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976); *Rash v. State*, 207 Ga. App. 585, 587-588 (428 SE2d 799) (1993); compare *McGuire v. State*, 209 Ga. App. 813 (434 SE2d 802) (1993).

I am unable to join in the plurality's conclusion that the circumstantial evidence charge need only be given under *Robinson*, supra, where the State "depends" on circumstantial evidence as necessary to prove one of the essential elements of the offenses. In my view, this is just another way of saying that no charge on circumstantial evidence is required where the circumstantial evidence, by itself, would not be sufficient to authorize a conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This argument was considered and rejected in *Robinson*, supra. Put simply, I believe *Robinson* requires the charge at issue be given in every criminal case upon request. If this is not our Supreme Court's intent in announcing the *Robinson* black letter rule, it should so declare.

I fully concur in Division 3 of the plurality opinion.

I am authorized to state that Presiding Judge McMurray and Presiding Judge Birdsong join in this special concurrence.

SMITH, Judge, dissenting.

I respectfully dissent.

OCGA § 24-4-6 provides as follows: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." And "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) (1991). Mims enumerates as error the refusal of the trial court to give his timely submitted written request to charge the law as provided by OCGA § 24-4-6.

Although the testimony of the victim as to the act done is direct

evidence, as is testimony relating Mims' incriminating statement to the investigator that he touched the victim, the state also adduced on direct examination the following circumstantial evidence that Mims committed the act charged: (1) Mims had been drinking that night; (2) the child made an immediate outcry to her brother; (3) her general demeanor immediately after the alleged incident was one of excitement and hysteria; (4) Mims had a recent scratch or bruise under his eye; and (5) Mims was weeping when the police arrived.

In this case, the state's case depended in part upon circumstantial evidence that appellant committed an act in violation of a state statute and that he did so with the requisite criminal intent. The trial court erred in refusing Mims' timely written request to charge on the law of circumstantial evidence as required by *Robinson v. State*, supra. I cannot agree that this error was harmless, and therefore, in light of *Robinson*, a new trial must be had. *Russ v. State*, 204 Ga. App. 689 (1) (420 SE2d 373) (1992).

DECIDED JULY 16, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 —

*Lloyd J. Matthews*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.